DEBT.

## *Estill, for himself and the Madison Seminary, vs. Fox.*

Case 116.      Error to the Madison Circuit; GEO. SHANNON, Judge.

*Pleading. Gaming. Penal actions. Limitations.*

October 13.     Judge OWSLEY delivered the Opinion of the Court.

Declaration.

THIS plaintiff declared against the defendant, in debt, for two hundred and forty dollars, bet at games of cards by the defendant and a certain William Day. The one moiety thereof is alleged to have been bet by the defendant, and the other by Day, who, after having lost his bet, is stated to have paid the amount to the defendant, &c.

Pleas filed, and demurrer to one plea overruled.

The defendant pleaded two pleas; to the first of which issue was taken by the plaintiff to the country, and to the other he filed a demurrer. The demurrer was joined by the defendant, and the plea adjudged good by the court.

The correctness of that decision is the only question made by the assignment of errors.

Plea held sufficient.

The plea is in the following words: "And for further plea in this behalf, the defendant says, *actio non*, because he says, that he was not indebted to the said Estill, and the trustees of the Madison Academy, or either of them, the bank notes and money in their declaration mentioned, or any part thereof, *within* three months next before the emanation of the plaintiff's original writ herein; and this he is ready to verify," &c.

Plea, in an action *qui tam*, that the defendants were not in debt to the party within three months before the action commenced, is nought. Defendants could not have been in-

This plea is one of a most singular and novel character, and contains no statement which can, upon any legal principle, form any good defence to the plaintiff's action. In actions of this sort, brought by a common informer, to recover a forfeiture declared by statute, no right to the thing sued for, attaches to or vests in the plaintiff before suit brought. The right to recover the thing forfeited is given by the statute to whomsoever may sue, and it is by the act of commencing suit, and by that only, that the right to the thing vests in the plaintiff. Until the action was commenced by the plaintiff, therefore, the defendant could not have been indebted to him,

the commonwealths bank paper mentioned in the declaration though it were forfeited; and of course the denial in the plea by the defendant, that he owed to the plaintiff or the trustees the debt, or any part thereof, within three months before the commencement of the action, is a denial of nothing inconsistent with the plaintiff's right to maintain his action, and nothing that can form a bar to his action.

It is suggested in the brief made out by counsel, that it was designed by the plea to rely upon the limitation of three months from the time of the forfeiture before action brought, in bar of a recovery; but if such was the object intended, the plea is certainly illy adapted to the purpose, and cannot be considered as having presented that question in a shape to be judicially noticed.

But, though not presented by the plea, the question is one that may arise on the return of the cause to the court below. The general issue is also pleaded; and the doctrine is well settled, that in actions on penal statutes, it is *not necessary for the defendant* to plead the statute of limitations; but he may use it in evidence on the trial of the general issue.

It is therefore proper that we should now determine whether, after the lapse of three months from the time of forfeiture, the action can be maintained to recover the thing forfeited.

It is undoubtedly true, that by the act of 1798, no action could be maintained to recover the thing lost at any game or games whatever, after the expiration of three months; so that if the limitation prescribed in that act is to control the present action, the question must be decided in the negative. But it will be perceived by turning to that act, that it applies only to actions which may be brought to recover something lost at games and actually delivered or paid. Until the thing lost is actually delivered, no action can, according to the provisions of that act, be brought by any person to recover it, nor can the limitation prescribed by that act commence running before the thing lost is delivered.

It is not however upon any of the provisions of

**Margin notes:**

Estill &c.
vs.
Fox.

debted to the plaintiff before the action commenced.

Plea of the statute of limitation to a penal action.

Limitation may be relied on, in a penal action, under the general issue.

Limitation to the action under the act of 1798, to recover a thing lost at cards and paid, must be computed from the date of *payment*, and is three months.

The limita-

ESTILL &c.
vs.
FOX.

tion to the action under the act of 1799, to recover money or property *bet* at cards, commences from the loss o the bet, and is governed by the general limitation law.

that act that the right of the plaintiff to recover in this action is founded. It is not because the thing sued for was actually lost at any game, that the plaintiff has brought his action, but it is because the thing sought to be recovered was bet at games, and therefore forfeited, by the express provisions of the fourth section of the subsequent act of 1799. This latter act contains no provision as to the *limitation* of time in which the action to recover the thing forfeited must be commenced; but the act is penal in its nature, and the time in which the action should be brought must, we apprehend, be governed by the general limitation applicable to actions founded on statutes of that description. It might be otherwise if, according to any fair and reasonable construction, the limitation prescribed in the act of 1798 could be applied to actions founded on the act of 1799. But this cannot be consistently done. The action which is given by the latter act, is not made to depend upon the happening of those events which are necessary to authorize an action under the former act; nor is it necessary, to maintain the action under the latter, that the plaintiff should establish those facts, from the occurrence of which the limitation prescribed in the former act is made to commence.

It results, therefore, that three months is not the limitation by which actions founded on the act of 1799 are governed.

Judgment reversed.

The judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had not inconsistent with this opinion.

*Turner* for plaintiff; *Breck* and *Caperton* for defendants.