[No. 2,517.]

## J. W. HILL v. GEORGE KIDD.

BETS ON ELECTIONS.—Wagers upon the result of public elections are illegal and void, upon grounds of public policy.

ACTION ON CONTRACT OF WAGER.—An action to obtain affirmative relief, upon a contract of wager made upon the result of a public election, cannot be maintained.

APPEAL from the District Court of the Fifth Judicial District, County of San Joaquin.

The facts are stated in the opinion.

*Hall & Montgomery,* for Appellant.

*Byers & Elliott,* for Respondent.

By the Court, BELCHER, J.:

This is an action to recover the sum of one thousand dollars, alleged to be in the hands of the defendant, as the stakeholder of a wager made between the plaintiff and one McMullin upon the result of the Presidential election of 1868, in the State of California.

The wager was made on the 31st day of October, 1868, and the agreement was that each party should deposit—and each party did then deposit—in the hands of the defendant, the sum of one thousand dollars, to be held by him as stakeholder until after the Presidential election of that year, when, if it should be found that Seymour had received more votes in the State of California than Grant for the office of President of the United States, the stakes were to be paid to McMullin; and if Grant had received more votes than Seymour, the stakes were to be paid to the plaintiff.

The election was held on the third day of November, and Grant received the greater number of votes.

Upon demand, after the result of the election was made

*O*

known, the defendant paid to the plaintiff one thousand dollars of the stakes, but refused to pay him the other one thousand dollars.

The defendant demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and the Court overruled the demurrer. The defendant then answered, and, admitting that the wager was made substantially as stated in the complaint, alleged, among other things, that McMullin died on the 13th day of November, 1868, and that thereafter, upon demand, the defendant paid to his legal representatives the one thousand dollars deposited by him.

The answer was stricken out by the Court, on motion of plaintiff, "upon the ground that the event had occurred and been decided before notice of repudiation was served upon the defendant."

Judgment was then ordered, and entered for the plaintiff upon the complaint.

It is settled by all the cases where the question has arisen, so far as we know, that wagers upon the result of public elections are illegal and void, upon grounds of public policy.

It is equally well settled that no action in *affirmance* of an illegal contract can be maintained. When parties make such contracts they must rely upon the good faith of those with whom they deal for their performance, and that failing they are denied all redress. "The Courts," as was said in *Martin* v. *Wade*, 37 Cal. 168, "refusing to defile their hands with these transactions, deny the parties all relief in respect to the contract, or anything incidental to it, or growing out of it."

The case of *Johnston* v. *Russell*, 37 Cal. 670, is not authority for the plaintiff. In that case it was held that one may *disaffirm* a wagering contract at any time before the event in respect to which the wager is made has happened, and the result became known, but not afterwards.

Points decided.

If he disaffirms he may recover back his stake; but "after the money has been lost and won, and the result is generally known, neither party ought to be heard in a Court of justice." (See, also, *Rust* v. *Goff*, 9 Cow. 169.)

The judgment is reversed, and the Court below is directed to enter an order dismissing the complaint.

Mr. Justice RHODES did not express an opinion.