CHARLES COOPER v. JEROME ROWLEY.

The action authorized by the fourth section of the Act for the Prevention of Gaming, passed March 12, 1831 (1 S. & C. 664), to recover money or other property lost or paid over on a bet or wager, is an action upon a statute for a penalty or forfeiture, within the meaning of the provisions of section 16 of the code of civil procedure.

MOTION for leave to file a petition in error to the District Court of Knox county.

The original action was brought in the court of common pleas by the plaintiff against the defendant, May 20, 1872, upon a petition in the following words and figures :

" The plaintiff, Charles Cooper, says the said defendant, Jerome Rowley, is justly indebted to him in the sum of fifteen hundred dollars ($1,500), with interest thereon from the 15th day of October, 1868, for money won by said defendant from said plaintiff, and by said plaintiff paid to said defendant on or about said 15th day of October, 1868, at the city of Mount Vernon, Ohio, on a certain bet concerning the result of a certain election then pending, whereby the plaintiff's action accrued to him, according to the form of an act for the prevention of gaming, passed March 12, 1831."

Prayer for judgment. The defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action, in that it appeared upon the face of the petition to be barred by the statute of limitations. The court sustained the demurrer and dismissed the petition, and, on error, the district court affirmed the judgment. Leave is here asked to file a petition in error to reverse both judgments.

*H. H. Greer* and *A. R. McIntire*, for the motion.
*W. C. Cooper*, contra.

BOYNTON, J.  The plaintiff's action to recover the money lost and paid over upon the bet or wager, was not brought for upward of three years and a half from the time of its loss and delivery.  The court below held the action barred by the statute of limitations.  The correctness of this hold- ing is the only question presented by the record.  The first section of the act for the prevention of gaming (1 S. & C. 664) among other things, declares, that all promises and agreements, the consideration of which, in whole or in part, is money, or other valuable thing, won or lost upon any game, or on any wager, shall be absolutely void and of no effect.  The effect of this provision of the statute is to render void many wager contracts which, at common law, would be valid.  But even if the statute had not thus de- clared all such promises and agreements void, a wager or bet on a future election, in which the parties are entitled to participate, is void  at common law, being against pub- lic policy.  *Allen* v. *Hearne,* 1 Term, 56 ;  *Wheeler* v. *Spencer,* 15 Conn. 28 ; *Bunn* v. *Riker,* 4 Johns. 426 ; *Hill* v. *Kidd,* 43 Cal. 615 ;  *Wroth* v. *Johnson,* 4 Har. & McH. 284 ;  *Winchester* v. *Nutter,* 52 N. H. 507.  The statute not only declares the invalidity of the wager contract, but, by the seventh sec- tion, it is made a criminal offense, involving fine and im- prisonment, to make any bet or wager for any sum of money or other property of value.

And by the first section of the act to punish betting on. elections and for other purposes (1 S. & C. 446), it is made a criminal offense to bet on the event of any election held or to be held under the laws of this state, or upon the elec- tion of president or vice-president of the United States.  A contract, therefore, by which two parties agree that a cer- tain sum of money or other thing shall be paid or delivered to one of them on the happening of an uncertain event (2 Bouvier L. D. 647), not only can not be enforced, but the parties thereto are guilty of a violation of the criminal laws of the state, and liable to prosecution and punishment.

On the other hand, the rule has been long and firmly established, that where a contract, contrary to public policy

or sound morality, or involving a violation of the criminal laws of the state, has been executed by the performance of its stipulations, the parties being *in equali delicto,* the court, in the absence of statutory requirement, will withhold all remedial aid, and leave the parties just where it finds them. *Roll* v. *Raguet,* 4 Ohio, 400, 418; *Thomas* v. *Cronise,* 16 Ohio, 54; *Hoss* v. *Layton,* 3 Ohio St. 357.

The plaintiff having paid over to the defendant the money lost, and being entitled to no relief from the common law, the question remains : What are his rights under the statute ? The second section of the act for the prevention of gaming authorizes the person losing and delivering money or other thing of value, by means of, or upon a bet or wager, to sue for and recover the same from the winner, with costs of suit, by an action of debt founded on that act, brought any time within six months next after such loss or delivery. The third section provides a simple mode of stating the cause of action, by declaring it sufficient for the plaintiff to allege that the defendant is indebted to him, or received to the plaintiff's use the money so lost and paid, or converted the goods won to his, the defendant's use. The plaintiff not having availed himself of the right thus conferred by the second section, to bring his action for the money within six months from the date of its loss and delivery, such rights remain to him, and such only, as are provided in the fourth section, which is as follows :

" That if any person or persons losing such money or thing of value, as hereinbefore described, shall not, within the time specified, without collusion or deceit, sue, and with effect prosecute, for the money or thing of value so lost and paid or delivered, it shall be lawful for any person, by such action or suit, to sue for and recover the same, with costs of suit, against any winner or winners as aforesaid, for the use of the person prosecuting the same."

If the liabilities created by this section against the winner, is imposed upon him as a penalty or forfeiture in favor of the person suing to recover it, the plaintiff's action

was brought too late, as section sixteen of the code of civil procedure limits the right to maintain the action to one year from the time the right accrues. But if it is a liability created by statute, other than a penalty or forfeiture, the right of action subsists, under section fourteen, for the period of six years, before the limitation attaches. In our opinion the action is upon a statute for a penalty or forfeiture, within the sixteenth section; and hence the right to maintain it continues for one year next succeeding the expiration of six months from the time of the loss and delivery, and no longer.

By the statute of limitations of 1831, repealed by the code, an action of debt, *qui tam*, was required to be brought within one year from the time it accrued, and it was associated or classed in the limitation act with actions for trespass to the person, slander, libel, malicious prosecution, and false imprisonment, and actions against officers for malfeasance or nonfeasance in office. These several actions were respectively limited in the right to commence them, to one year from the time the cause thereof arose.

By the code, the words "assault" and "battery" were substituted for the words "trespass to the person," and the words "an action upon a statute for a penalty or forfeiture" were inserted, if not entirely as a substitute for the words, "and actions of debt *qui tam*," they, at least, include such actions. And for this class of actions, the same limitation is provided by the code under the language, "an action on a statute for a penalty or forfeiture," as was provided by the old limitation act by the language, "action of debt *qui tam*."

The action here brought is in the nature of an action of debt *qui tam*; for, although the plaintiff sues for himself alone, and not for himself and another, the result to the defendant—the loss or forfeiture of the sum or thing won—is precisely the same. The fact that the statute confers the right to sue for and recover the whole sum lost by the wager, and awards that sum instead of a moiety or part

thereof, to the party suing, does not affect the penal character of the action.

Nor is its character affected by the circumstance that the loser of the money wagered, is the party suing. He is permitted to sue, not from having any legal claim to the fund in virtue of once owning it, but because he is included in the comprehensive class authorized to maintain the action. *Hoss* v. *Layton*, supra. He brings the action not as loser, but as one included in the designation "any person" authorized by the statute to sue.

During the first six months he has the exclusive right to maintain the action, but he who first institutes the action under section four, after that time, acquires thereby the exclusive right to the penalty sued for, whether it is the loser or another. By such action he creates and attaches to himself the right to the penalty or sum forfeited, to the exclusion of all other persons. *Hoss* v. *Layton*, supra; *Palmer* v. *Lord*, 6 Johns. Ch. 103. As was said in *Davies* v. *Bint*, 1 Car. & Pay. 441 (*n*), the penalty is, in law, a debt to the informer or party first suing as soon as he brings his action for it. The law forfeits to the party suing the amount won and received by the winner, as a punishment to the latter for his disregard and violation of its positive inhibitions in making the bet or wager. *Bevens* v. *Reid*, 2 Sand. 436; *Babcock* v. *Thompson*, 3 Pick. 446; *Meech* v. *Stoner*, 19 N. Y. 29; *Nichol* v. *Batton*, 3 Yerg. 469; *Samuels* v. *Ainsworth*, 13 Ala. 366. That the legislature intended and regarded the sum to be recovered as a penalty or forfeiture seems fairly inferable from the language of the fifth section. That section enacts that the winner, in a proceeding therefor in chancery, shall be compelled to discover the money or thing by him won; "provided, however, that upon discovery and repayment of the money or other things, the person or persons discovering and repaying the same, with costs, shall be acquitted and discharged from any *further* or *other* forfeiture, punishment, or penalty, he or they may have incurred, for so winning such money or thing discovered and repaid."

The plain meaning of this language is, that by submitting to and paying one penalty, he shall be relieved from all others incurred by violating the provisions of the statute. The forfeitures referred to in the eleventh and fourteenth sections are those that result from a criminal prosecution. The demurrer was properly sustained, and the petition rightfully dismissed.

*Leave refused.*