Okey, C. J.
In 1826, Charles Roll and Peter Roll, his father, executed to Henry Raguet two promissory notes, each for the sum of five hundred dollars, and Peter Roll executed to Raguet mortgages on a parcel of real estate in Hamilton county to secure their payment. The notes and mortgages were given to compromise or compound a larceny said to have been committed by Charles Roll. The reports of the cases prosecuted on those instruments are very instructive on the question here presented. Iii an action brought on one of the notes against Charles Roll and Peter Roll, it was held that Raguet could not recover, the contract being executory and the parties in pari delicto. Roll v. Raguet, 4 Ohio, 400. The same result was arrived at, for the same reason, in a proceeding by scire facias, prosecuted by Raguet against Peter Roll on one of the mortgages. Raguet v. Roll, 7 Ohio, 1 pt. 76. The same result would have followed in any suit in chancery for an account of the amount due on the mortgages and a sale of the premises. McQuade v. Rosecrans, 36 Ohio St. 442. And see acc. Spalding v. Bank of Muskingum, 12 Ohio, 544, 548; Goudy v. Gebhart, 1 Ohio St. 262 ; Hoss v. *386 Layton, 3 Ohio St., 352, 357; Cooper v. Rowley, 29 Ohio St. 547, 549. Raguet then prosecuted an action of ejectment against Peter Roll, basing his right to recover on the mortgages, the conditions in which had been broken, and Roll relied for his defense on the fact that the mortgages had been given to compound a felony. The court, however, while approving the decisions in the above mentioned cases between the parties, held that in the action of ejectment, such defense was not available to Roll. Grimke, J., in delivering the opinion, said: “Amortgage is in reality a conditional fee, which isas large an estate as a fee simple, though it may not be so durable. And the case comes within the principle, that when a conveyance has actually been executed on an unlawful consideration, the court will not merely not annul it, they will permit it to be enforced.” Raguet v. Roll, 7 Ohio, 2 pt. 70. But this is not inconsistent with the statement in Harkrader v. Leiby, 4 Ohio St. 602, 612, repeated in other cases, that “ a mortgage is now treated in both courts (law and equity) as a mere security for the debt, and the mortgagee is permitted to use the legal title only for the purpose of making effectual such security.” And see Hill v. West, 8 Ohio, 222 ; Mc Arthur v. Franklin, 16 Ohio St., 206. Hence, it is a good defense to ejectment on a mortgage that the debt has been paid. This principle is further illustrated in the fourth suit to which Roll and Raguet were parties. That was a bill in chancery in which the question presented was whether Roll had the right to redeem, and it was held that he had such right, and the court approve the decisions in the three preceding cases between the parties. Cowles v. Raguet, 14 Ohio, 38. But it, was further held that a court of equity will not set aside or restrain the enforcement of a deed of real estate the consideraron of which is wholly founded on an illegal agreement between the parties (Moore v. Adams, 8 Ohio, 373 ; Thomas v. Cronise, 16 Ohio, 54); though where, by threats of prosecution for a crime of which he was wholly innocent, a person was induced to execute a note and mortgage, it was held that equity would grant relief, and restrain the collection of the note or the enforcement of the mortgage. James v. Roberts, 18 Ohio, 548.
*387 An examination of these eases will show very clearly, that under the law as it existed before the adoption of the code of civil procedure of 1853, there was no such defense to an action of ejectment based on a mortgage like this; nor could a bill in chancery, founded on such facts, be entertained to restain such action or quiet the title of the mortgagor. As against such mortgage the only relief in the courts available to the mortgagor or his heirs, on the facts here stated, was a bill to re-. deem. It is urged, however, that the rule is now very different, and that by reason of the blending of legal and equitable actions and defenses, under the code of civil procedure, the defense of illegality is equally available to the defendant whether - an action is brought upon the note, or upon the mortgage to obtain a sale of the property, or for the recovery of the possession of the land under the mortgage. True, the rights of parties, with respect to a few matters, are changed by the code, as, for instance, the acknowledgment of a debt sufficient to take a case out of the statute of limitations, must now be in writing; and the practical effect of permitting, in a proper case, the determination of the rights of the parties, legal and- equitable, in the same suit, enables a person sometimes to secure rights which'under the former practice would have been lost. But, with the exception of the express changes referred to, the rights of parties are unaffected by the code. This view is well expressed in Dixon v. Caldwell, 15 Ohio St. 412, 415, where it was said: “ The distinction between legal and equitable rights exists in the subjects to which they relate, and is not affected by the form or mode of procedure that may be prescribed for their enforcement. The code abolished the distinction between actions at law and suits in equity, and substituted in their place one form of action ; yet, the rights and liabilities of parties, legal and equitable, as distinguished from the mode of procedure, remain the same since, as before, the adoption of the codeWhite, J. As the heirs of the mortgagor could, in a case like this, have maintained a bill, under the former practice, to redeem, they may, of course, obtain the same relief in this case by cross-petition.’ Rev. Stats. § 5071. This is not a change of the rights *388 of the parties. But, as we have seen, a bill in chancery could not have been entertained to restrain an action of ejectment on a mortgage like this, and hence the heirs of the mortgagor cannot maintain a cross-petition for such relief in this case. To hold otherwise is to affirm that the code has effected most material changes in the rights of parties, without any words to indicate a purpose to make such change.
No claim is made that the question before us is affected by the provision of the statute (Rev. Stat. § 5316) requiring a sale to be ordered when a mortgage is foreclosed; nor could such claim be properly made. The object of that provision will sufficiently appear in Anonymous, 1 Ohio, 235 ; Higgins v. West, 5 Ohio, 551; Morgan v. Burnet, 18 Ohio, 535.
In rendering a judgment of reversal in this case, we perform a disagreeable duty; but it is a duty, nevertheless. If it will tend to a better administration of justice to permit, in cases of this sort, such defense as was offered by the defendants, the law upon the subject must be changed by the legislature and not by this court.
Judgment reversed.