\*George H. Burrows, Assignee, v. Lura Hussong.

1. Suit for Recovery of Money Lost Gaming against Assignee of Defendant Barred if Not Brought within Six Months of Loss.

Section 4270 Rev. Stat. providing that a loser may, within six months thereof, sue for and recover money lost at gaming, is a statute of limi-

tations; hence, having allowed more than six months to elapse before bringing suit for money so lost, plaintiff is barred from prosecuting suit therefor, notwithstanding defendant had made an assignment for creditors and presentation of the claim is made to the assignee within six months of such loss.

2. PRESENTATION OF CLAIMS TO ASSIGNEE DOES NOT ARREST RUNNING OF STATUTE OF LIMITATIONS.

Mere presentation of a claim to an assignee for allowance under Sec. 6352 Rev. Stat. does not prevent a statute of limitations from running.

ERROR to Cuyahoga common pleas court.

**Burrows & Mason,** for plaintiff in error:

Cited and commented upon the following authorities: *Estill* v. *Fox,* 23 Ky. (7 Mon. T. B.) 552 [18 Am. Dec. 213]; *Woodson* v. *Gordon,* 7 Tenn. 196 [14 Am. Dec. 743]; *Ellmore* v. *Hoffman,* 2 Ashm. (Pa.) 159; *Commonwealth* v. *Bennett,* 16 Serg. & R. (Pa.) 243; *Cooper* v. *Rowley,* 29 Ohio St. 547; *Hoss* v. *Layton,* 3 Ohio St. 352.

**H. M. Bull** and **W. C. Rogers,** for defendant in error:

Cited and commented upon the following authorities: 14 Enc. Law (2 ed.) 625; *Meech* v. *Stoner,* 19 N. Y. 26; *McDougall* v. *Walling,* 48 Barb. 364; *Collins* v. *Ragrew,* 15 Johns. 5; 8 Enc. Law (2 ed.) 239, 247; Davis' Appeal, 39 Conn. 395; Bump, Fraud. Convey. (3 ed.) 508; *Cannon* v. *Cheney,* 4 Circ. Dec. 335 (8 R. 143); affirming, *Chaney* v. *Cannon,* 1 O. S. U. 440 (35 Bull. 313); *Rogers* v. *Edmund,* 12 Circ. Dec. 291 (21 R. 655); 1 Bates' Pleadings 444; *Rice* v. *Farnham,* 4 Dec. 217 (7 N. P. 189); *Cooper* v. *Rowley,* 29 Ohio St. 547; Perry, Trusts Sec. 863, 864; *Bettman* v. *Hunt,* 9 Dec. Re. 396 (12 Bull. 286).

**WINCH, J.**

Lura A. Hussong brought her action in the common pleas court to compel George H. Burrows, as assignee for the benefit of the creditors of the firm of Johnson, Walther & Co., to allow her alleged claim against said estate.

In her petition she sets forth that the partnership was indebted to her for money had and received to her use, won of her at gaming by said partnership and by her paid to them between October 25, 1904, and April 17, 1905, inclusive, whereby an action accrued to her under the statute against gaming.

She further shows that said partnership made an assignment to plaintiff in error on May 27, 1905; she presented her claim to the as-

Burrows v. Hussong.

signee on June —, 1905; he rejected said claim December 13, 1905, and thereupon she filed said petition on January 11, 1906.

To this petition the defendant filed a general demurrer, which was overruled, judgment entered against him, and the case is here on error.

The character of plaintiff's claim is to be determined by an examination of the statutes against gaming, referred to in her petition. They are found in the revised statutes as Sec. 4269s to 4276 Rev. Stat., inclusive.

Section 4269 provides that all gaming contracts are void.

Section 4270 provides that if any person, by means of any bet or wager, loses to any other person any sum of money and pays the same to the winner, the person who so loses and pays may, at any time within six months next after such loss and payment, sue for and recover the money by civil action.

This is a statute of limitations and we hold that the loser, as such, cannot recover the money lost, after six months.

The plaintiff below having allowed more than six months to elapse after she lost the money before she began her suit, was barred from prosecuting the remedy provided for her under Sec. 4270, and this is so, notwithstanding she presented her claim to the assignee within six months, as he never allowed said claim.

Section 6352 Rev. Stat. regulates the presentation of claims to an assignee and their allowance or rejection by him, but it does not specifically provide that any statute of limitations shall be arrested by the mere presentation of a claim to him. Of course, should he approve the claim, the statute would cease to run against it. In this case he never approved the claim, but having considered it for a time, he finally rejected it. The situation is the same as though the claim had been presented to the assignee, but suit not brought until after the six months mentioned in Sec. 4270.

See Wood, Limitations Sec. 6, and cases there cited.

But it is said that plaintiff is entitled to maintain her action under favor of Sec. 4273 of the gaming act, which provides that:

"If the person losing such money or thing of value as provided in section 4270 does not, within the time therein specified, without collusion or deceit, sue, and with effect prosecute, for the money or thing of value so lost and paid or delivered, *any person* may sue for and recover the same, with costs of suit, against any winner, as aforesaid, for the use of the person prosecuting the same."

In the case of *Cooper* v. *Rowley,* 29 Ohio St. 547, the Supreme

Cuyahoga County.

Court held that the remedy provided by this section is for a penalty or forfeiture, accrues at the expiration of the six months limited in Sec. 4270 and is barred in one year thereafter.

"Nor is its character affected by the circumstances that the loser of the money wagered, is the party suing. He is permitted to sue, not from having any legal claim to the fund in virtue of once owning it, but because he is included in the comprehensive class authorized to maintain the action."

If this right to sue for a penalty did not accrue until six months after the money was lost, it did not come into existence until after the assignee qualified. When it did come into existence it belonged to each citizen and the plaintiff's rights were no better than those of every other citizen and the only way she could segregate her right was to bring her suit, which she finally did. That suit she could maintain against the assignors, for the assignment did not preclude her from suing the firm, but she never had a claim against the assets in the hands of the assignee and we hold that he should not now be compelled to allow it.

The case of *Estill* v. *Fox,* 23 Ky. (7 Mon. T. B.) 552 [18 Am. Dec. 213], is interesting in this connection.

Counsel for defendant in error argues that her claim is in the nature of damages for a tort committed before the assignment, with action brought after the assignment and that therefore it is a claim against the estate, but we view the action as one for the recovery of a fine.

Should a man be guilty of a misdemeanor before his assignment and be arrested, convicted and fined afterward, there would be no debt in favor of the state until the fine was assessed, and in such case no one would urge that the debt related back to the time when the crime was committed. Such is the case also where the fine is recoverable by an informer, as in this case, but is assessed as a penalty.

This conclusion is not inconsistent with our ruling in *Pentz* v. *Burrows,* 28 O. C. C. 490 (8 N. S. 349). That case was brought by the loser to recover the money lost within six months: This case was brought for a penalty after the six months.

The demurrer to the petition should have been sustained, and for error in overruling it, the judgment is reversed.

**Henry** and **Marvin, JJ.,** concur.