[Civ. No. 1054.    First Appellate District.—January 23, 1913.]

## GEORGE L. DEALEY, Respondent, v. EAST SAN MATEO LAND COMPANY (a Corporation), Appellant.

AUCTIONEER'S COMMISSIONS—CONTRACT TO SELL LANDS—PROVISION FOR "ASSISTANCE" ON EACH SALE—"PUFFERS AND BY-BIDDERS"—BIDS NOT ENFORCED—VOID CONTRACT.—In an action to recover an auctioneer's commissions on the sales of the lands of the defendant, under a written contract, which contained a provision for thirty dollars on each sale, "for assistance," which is shown to have been inserted to secure "puffers or by-bidders," on each sale, whose bids were not enforced, it is held that such contract is void, as being against public policy, and as one to defraud the public, and the court cannot accord relief thereunder to either party.

ID.—PRACTICE OF BY-BIDDING DISCOUNTENANCED BY CODE—STATEMENT OF PUBLIC POLICY.—Section 1797 of the Civil Code, which provides: "The employment by a seller of any person to bid at a sale by auction . . . without an intention on the part of such bidder to buy, and, on the part of the seller to enforce his bid, is a fraud upon the buyer, which entitles him to rescind his purchase," is a definite statement of the public policy toward such practices, and is but an enactment of the common law rule declaring the practice of by-bidding against public policy.

ID.—CONSTRUCTION OF CODE SECTION—RIGHT OF RESCISSION—QUESTION OF FRAUD.—The right of rescission given to the purchaser under section 1797 of the Civil Code, is intended for the benefit of the innocent purchaser alone. The use of by-bidders at the sale, without the knowledge of the buyer, and under the circumstances mentioned in the code section, is a fraud upon the buyer, but nevertheless a fraud, and the fraudulent character of such a practice is not in any manner or to any extent changed by the failure of the

buyer to exercise his right of rescission. The use of by-bidders at the sale is a fraud under that section; and since the contract between the parties contemplates resorting to such a practice, it must be held from its inception to be a contract to perpetuate a fraud upon the public, which cannot be made the basis of a recovery.

ID.—CONTRACT NOT SEVERABLE.—There is no merit in the contention of plaintiff that the portion of the contract providing for puffers and by-bidders may be severed from other provisions of the contract to which effect must be given. The fact remains that the "assistants" were intended to be and were employed as "by-bidders" which was a fraud upon the public, and the entire contract between the parties was thereby tainted.

ID.—ILLEGALITY OF CONTRACT FOR FRAUD UPON PUBLIC—PLEADING NOT REQUIRED.—Where the fraud shown was not against the defendant, but upon the public, the pleading of such fraud is not a condition precedent to the court's taking cognizance of it. As soon as it was disclosed to the court, whether alleged in the pleadings or not, that the contract between the parties contemplates a fraud upon the public, it must, *sua sponte*, refuse to grant relief to either party based on such contract.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Archibald Barnard, for Appellant.

Vogelsang & Brown, for Respondent.

LENNON, P. J.—This is an appeal by defendant from a judgment in favor of plaintiff.

Plaintiff sued upon a written contract for commissions alleged to be due him from defendant upon the amount of the selling price of lands belonging to defendant and sold at public auction, plaintiff acting for defendant as the auctioneer at such sales.

The written contract provided that the sum of thirty dollars on each sale was to be allowed the auctioneer, the plaintiff herein, to be used by him "as for assistance."

The plaintiff testified that the purpose of the assistance was to "swell the crowd and speak well of the property"; that they occasionally "bid at the sale"; that these assistants, variously called by respondent "puffers" and "by-bidders,"

were "employed through him by the defendant"; that "plaintiff hired them"; "that quite a number of them were at each of the sales."

The testimony of other witnesses was to the effect that with the knowledge and consent of and through a prior arrangement between the parties, these so-called "assistants" were present at each sale for the purpose of boosting the bids, it being understood between the parties that in the event of the property being knocked down to any one of these "puffers" or "by-bidders" no attempt would be made to enforce the bid.

Defendant claims that the contract was one to defraud the public, is against public policy, and by reason thereof the court cannot accord relief to either party. We think this contention must be sustained.

The practice of by-bidding is referred to in section 1797 of the Civil Code. It is therein provided as follows:

"The employment by a seller of any person to bid at a sale by auction, without the knowledge of the buyer, without an intention on the part of such bidder to buy, and on the part of the seller to enforce his bid, is a fraud upon the buyer, which entitles him to rescind his purchase."

This code section is a definite statement of the public policy toward such practices. At common law a similar rule prevailed and our code section is but an enactment in statutory form of the rule laid down by a long line of authorities positively declaring the practice of by-bidding against public policy. (*Moncrieff v. Goldsborough,* 4 Har. & McH. (Md.) 281, [1 Am. Dec. 407]; *Curtis* v. *Aspinwall,* 114 Mass. 187, 191, [19 Am. Rep. 332]; *National Bank of Metropolis* v. *Sprague,* 20 N. J. Eq. 159, 165; *Peck* v. *List,* 23 W. Va. 338, [48 Am. Rep. 398]).

Plaintiff contends, however, that the contract of sale with the purchaser was voidable only at the election of the purchaser and inasmuch as no purchaser has undertaken to rescind his purchase because of the use of by-bidders at the sale, the fraud has been condoned.

Plaintiff's right to recover depends primarily, however, not upon the contract of sale to purchasers but upon his contract of employment with the defendant. The section above quoted is intended for the benefit of the innocent purchaser and him alone. The use of by-bidders at the sale without the knowl-

edge of the buyer and under the circumstances mentioned in the code section is a fraud—true a fraud upon the buyer, but nevertheless a fraud, and the fraudulent character of such a practice is not in any manner or to any extent changed by the failure of the buyer to exercise his right of rescission. The contract between these parties, and upon which this action rests, is entirely separate and distinct from the contract of sale given to the purchasers. It must be judged by itself, standing alone, and not in the light of what may or may not be done by purchasers at the sale.

The use of by-bidders is declared in so many words by the code section to be a fraud, and inasmuch as the contract between the parties to this action contemplates resorting to such a practice, we must hold that the contract from its inception was to perpetuate a fraud upon the public and can form the basis of a recovery to neither of the parties thereto.

It makes no difference how or when the fact was brought to the attention of the court that the contract sued upon is against public policy. Neither does it matter whether or not one of the parties raises the question of its illegality upon that account, but courts of law and of equity, as the true character of such a contract is disclosed, refuse to permit themselves to be used in settling a controversy arising out of such a contract.

In *Union Collection Co.* v. *Buckman,* 150 Cal. 159, 164, [119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L. R. A. (N. S.) 568, 88 Pac. 708], the supreme court said: ''There is no better settled rule of law than the one to the effect that the courts will not entertain any action in affirmance of an illegal contract.''

In *Ball* v. *Putnam,* 123 Cal. 134, 140, [55 Pac. 773], the same court in reversing the judgment, called to the attention of the trial court the fact that there was ''evidence in the record tending to show that the contract which lay at the bottom of all the transactions between these parties was a contract void as against public policy,'' and suggested a rigid inquiry by the trial judge, adding, ''If, after such inquiry, the evidence elicited leads him to believe that such is the fact, he will withhold all relief in this action, for a contract which is against public policy, good morals, or the express mandate of the law, cannot be made the basis of any action,

legal or equitable. Neither the silence nor the consent of the parties to it justifies the court in retaining jurisdiction of such an action.'' (*Wight* v. *Rindskopf,* 43 Wis. 344, 348.) We take it that this doctrine is so well established that the citation of other authorities to sustain it is unnecessary.

There is no merit in plaintiff's contention that the portion of the contract providing for an allowance for the hiring of assistants to act as puffers or by-bidders may be severed from, and thus effect given to remaining provisions of the contract, otherwise unobjectionable, and in· this connection plaintiff directs the court's attention to the fact that the money due plaintiff on account of the employment of these so-called assistants had actually been paid over to him and therefore claims discussion of its allowance is no longer an element in the case.

We cannot agree with this contention. We are not concerned with the right of defendant to receive moneys so paid, even were such a claim made. The fact remains that these ''assistants'' were intended to be and were actually employed as by-bidders, which was a fraud upon the public and the entire contract between the parties became thereby tainted.

Plaintiff further sets up the claim that defendant's answer did not properly raise any issue of the illegality of the contract. There might be some merit in the contention if the defendant was seeking to avoid payment on the ground of plaintiff's alleged fraud against it, i. e., that the defendant was the victim of plaintiff's alleged fraud. Here the fraud is not against the defendant, but against the public. Pleading such a fraud is not a condition precedent to the court's taking cognizance of it. As soon as it is disclosed to the court, whether alleged in the pleadings or not, that the contract between the parties contemplates a fraud upon the public, it must *sua sponte* refuse to grant any relief to either party based on such contract. (*Union Collection Co.* v. *Buckman,* 150 Cal. 159, 164, 165, [119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L. R. A. (N. S.) 568, 88 Pac. 708]; *Camp* v. *Bruce,* 96 Va. 521, 524, [70 Am. St. Rep. 873, 43 L. R. A. 146, 31 S. E. 901], [1898]; *Ball* v. *Putnam,* 123 Cal. 134, [55 Pac. 773]; *Morrill* v. *Nightingale,* 93 Cal. 452, [27 Am. St. Rep. 207, 28 Pac. 1068]; *Kreamer* v. *Earl,* 91 Cal. 112, [27 Pac. 735]; *Prost* v. *More,* 40 Cal. 347; *Drexler* v. *Tyrrell,*

15 Nev. 115, 134; *Oscanyan* v. *Arms Co.,* 103 U. S. 261, [26 L. Ed. 539]; *Coppell* v. *Hall,* 7 Wall. (74 U. S.) 542, 558, [19 L. Ed. 244]; *Dunham* v. *Presby,* 120 Mass. 285, 289.)

It is the duty of courts to protect the public at all times against fraud and one way of doing so is by closing the doors to would-be or actual perpetrators of such fraud who would fain make use of the court to divide the spoils between them.

Alleged errors of the court in its rulings on matters of evidence and for failure to make a finding on certain alleged material issues, are discussed by defendant, but inasmuch as in our opinion, the illegality of the contract, because against public policy, prevents any recovery upon the contract by either of the parties thereto, it will be unnecessary here to discuss these alleged errors.

For the reasons given the judgment is reversed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 24, 1913.