[L. A. No. 4969. In Bank.—October 5, 1920.]

## PACIFIC WHARF AND STORAGE CO. (a Corporation), Respondent, v. STANDARD AMERICAN DREDGING CO. (a Corporation), et al., Appellants.

[1] CONTRACT—ILLEGALITY—REFUSAL OF RELIEF.—The failure of the party against whom relief is sought upon an illegal contract to make objection upon the ground of illegality will not justify a court in enforcing the same.

[2] ID.—ENTIRE AND SEVERABLE CONTRACTS — CONSTRUCTION — INTENTION OF PARTIES.—Whether a contract is entire or separable depends upon its language and subject matter, and this question is one of construction to be determined by the court according to the intention of the parties.

[3] ID.—RESTRAINT OF TRADE—PUBLIC POLICY.—The rule making void contracts in restraint of trade is not based upon any consideration for the party against whom the relief is sought, but upon considerations of public policy.

[4] ID.—CONTRACT CAPABLE OF TWO CONSTRUCTIONS—RULE.—Where a contract is capable of two constructions, the one making it valid and the other void, the first ought to be accepted.

[5] ID.—CONTRACT FOR SALE OF DREDGE—PAYMENT BY NOTES—AGREEMENT NOT TO ENGAGE IN BUSINESS—SEVERABLE PROVISIONS.—A provision in a contract for the sale of a dredge for payment of a part of the purchase price in promissory notes is separable from a further provision for the employment of the buyer by the seller to do certain dredging work at a certain price followed by the agreement of the seller not to build any dredge or dredging plants in certain harbors, or to engage in the dredging business at either of such places, where the price of the dredge is definite and in no manner interdependent or connected with the provision relating to the doing of the work.

[6] ID.—APPORTIONMENT OF CONSIDERATION—SEVERABLE COVENANTS.—Where several things are to be done under a contract, if the money consideration to be paid is apportioned to each of the items to be performed, the covenants are ordinarily regarded as severable and independent.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Overton, Lyman & Plumb for Appellants.

Goodwin & Morgrage for Respondent.

The following opinion was prepared by Mr. Justice Kerrigan of the district court of appeal for the first appellate district while acting as justice *pro tempore* in this court in the place of Mr. Justice Melvin. It is adopted as the opinion of this court.

THE COURT.—This is an action to recover on seven promissory notes for two thousand dollars each, executed by defendant corporation and indorsed by the defendant R. A. Perry. The notes were made in favor of and delivered to plaintiff corporation in conformity with the terms of a certain written contract entered into by and between the parties hereto on the eighteenth day of June, 1912. The contract provided for the sale by plaintiff to defendant of a certain dredge for the sum of thirty-six thousand dollars payable as follows: The sum of two thousand dollars to be credited to defendant upon the execution of the agreement, which amount was due defendant from plaintiff upon the settlement of certain accounts had between them; the further sum of six thousand dollars for the performance by defendant of certain work, and the balance of the purchase price amounting to the sum of twenty-eight thousand dollars, by the execution and delivery by defendant to plaintiff of two promissory notes in the principal sum of fourteen thousand dollars each, to mature in six and twelve months respectively from the dates thereof. In lieu of the two notes thus provided for, one note for fourteen thousand dollars was given and seven notes for two thousand dollars each. The fourteen thousand dollar note was paid. The seven notes for two thousand dollars each were indorsed by defendant Perry. These seven notes were not paid and plaintiff's cause of action is founded thereon.

The complaint, which was filed December 13, 1913, contains seven separate causes of action. By answer and counterclaim defendants admitted the execution and delivery to plaintiff of the several notes sued upon and the ownership thereof in plaintiff, but denied that there was due and

unpaid thereon more than $1,527.29 of principal of each of said notes.

A trial was had upon the merits and at the conclusion thereof judgment was rendered in favor of plaintiff for the full amount of the notes, together with interest thereon and attorneys' fees.

Thereafter, defendant moved for a new trial, and in support of the motion presented only one ground, viz., that the decision was against law in that the evidence showed that an inseparable part of the consideration of the notes in suit was illegal, void, in restraint of trade, and made for the purpose of creating a monopoly of the dredging business in the harbors of San Diego and Los Angeles.

The trial court denied the motion, and the only point raised by appellant on this appeal is the claim that the evidence shows that the consideration for the notes was illegal, and that therefore no recovery should be had thereon. Respondent, in support of the judgment, presents several answers to the objection made by appellants. In substance, the contract is as follows:. After the introductory paragraph the first covenant provides for the sale of the dredge for the specified amount named, and the payments to be made in the manner heretofore indicated; the next covenant provides for the employment of defendant by plaintiff to do certain dredging in Los Angeles harbor at a certain price per cubic yard, and then follows the obnoxious paragraph which reads: "The parties of the first part hereby agree not to build any dredge or dredging plants in Los Angeles or San Diego harbors, or to engage in the dredging business at either of said places."

It is the latter paragraph that appellants claim to be in restraint of trade and therefore void, and we are cited to sections 1673 and 1674 of our Civil Code as supporting this contention.

In substance, these sections provide that every contract by which anyone is restrained from exercising a lawful business is to that extent void, except where he has sold the goodwill of a business, in which case he may agree not to engage in a similar business within specified limits. The language of these code sections is clear and unambiguous, but respondent claims they do not control this case for several reasons.

It is first urged by it in support of the judgment that the illegality not having been presented by the issues of the case, it cannot be heard or considered. This question is not one of first impression in this state. [1] The rule here is well settled that the failure of the party against whom relief is sought upon an illegal contract to make objection upon the ground of illegality will not justify a court in enforcing the same. The illegality appearing, the court, *sua sponte,* will withhold all relief. It has been further held that such a contract cannot be enforced, even where there has been a waiver of the illegality and express consent given for the enforcement thereof. (*Union Collection Co.* v. *Buckman,* 150 Cal. 159, [119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L. R. A. (N. S.) 568, 88 Pac. 708] ; *Kreamer* v. *Earl,* 91 Cal. 112, [27 Pac. 735] ; *Ball* v. *Putnam,* 123 Cal. 134, [55 Pac. 773].) Here the contract was in evidence, and when the attention of the court was directed to the infirmity, upon defendants' motion for a new trial, it should have withheld all relief to the parties, unless the sections referred to were not controlling.

The action of the trial court in denying defendants' motion, no doubt, was based upon its conclusion that the provisions of the contract were severable, and this is one of the grounds relied upon by respondent in support of the judgment. In this behalf it is urged that the provisions of the contract in relation to the sale of the dredge are fixed and definite and in no manner interrelated or connected with the covenants providing for the performance of work, to which provisions, it is claimed, the restraint applies. [2] Whether a contract is entire or separable depends upon its language and subject matter, and this question is one of construction to be determined by the court according to the intention of the parties. If the contract is divisible, the first part may stand, although the latter is illegal. (Civ. Code, sec. 1599.) In invoking the aid of this rule respondent urges the argument that defendant corporation has enjoyed the use of the property it bought since June, 1912, and it would be inequitable to allow it to retain and enjoy the dredge and successfully resist payment therefor. [3] The rule making void contracts in restraint of trade is not based upon any consideration for the party against whom the relief is sought, but upon considerations of sound public pol-

icy. (*Union Collection Co.* v. *Buckman, supra.*)   As was said in
*Hill* v. *Kidd,* 43 Cal. 615, "when parties make such con-
tracts they must reply upon the good faith of those with
whom they deal for their performance, and, that failing, they
are denied all redress." This consideration, therefore, is
not controlling.   The question as to whether a contract is
entire or severable is a question that is sometimes difficult
to determine.  (*Sterling* v. *Gregory,* 149 Cal. 117–120, [85
Pac. 305].)   **[4]**   Where, however, a contract is capable of
two constructions, the one making it valid and the other
void, the first ought to be accepted.  (*Herzog* v. *Purdy,* 119
Cal. 99, [51 Pac. 27]; *McVicker* v. *McKenzie,* 136 Cal. 656,
660, [69 Pac. 495].)   **[5]**   Here the notes were given and
accepted as the balance of the purchase price of the dredge
and the amount was in no manner connected with or related
to the covenant concerning work.   There is no provision in
the contract that in any manner shows that the different
covenants are dependent upon each other, or that the illegal
portion of the contract forms any part of the consideration
for the notes sued upon.   The price agreed to be paid for
the dredge was definite and in no manner interdependent or
connected with the provisions relating to the doing of work.

**[6]**   The rule is well settled that where several things are
to be done under a contract, if the money consideration to
be paid is apportioned to each of the items to be performed,
the covenants are ordinarily regarded as severable and inde-
pendent.  (*Sterling* v. *Gregory, supra.*)   The items here are
so apportioned.   The different provisions, being in no man-
ner interrelated or connected, are severable, and the good
may be enforced.   To our minds this seems to be the most
obvious and just construction to be given the contract.

Considering the conclusion we have reached, other points
raised by respondent become unimportant.

Judgment affirmed.

Rehearing denied.

All the Justices concurred, except Sloane, J., who was
absent.