Under the common law there is no right of recovery of losses sustained in gambling transactions. It is said in 24 American Jurisprudence, 455, Section 79:
"Independent of statute, the modern rule is that there is no remedy for the loser where money or property is delivered in payment of or on account of a gambling contract or transaction, since the law will not lend its aid to a party in either the execution or the rescission of such a contract, the maxim,`ex turpi causa non oritur actio,' applying, and the loser being regarded as in pari delicto with the winner in such cases. Any recovery by the loser from the winner is dependent upon statute."
It is well settled in this state that money or property lost at gaming can be recovered only by virtue of the express provisions of statute and by action instituted within the time therein expressly limited. Roll v. Raguet, 4 Ohio, 400, 418;Thomas v. Cronise, 16 Ohio, 54; Hoss v. Layton, 3 Ohio St. 352,357; Harper v. Crain, 36 Ohio St. 338, 343, 38 Am. Rep., 589; Cooper v. Rowley, 29 Ohio St. 547, 548.
In Cooper v. Rowley, supra, it was stated by Boynton, J., after making the observation that repayment of money lost by wager will not be enforced:
"On the other hand, the rule has been long and firmly established, that where a contract, contrary to public policy or sound morality, or involving a violation *Page 98 
of the criminal laws of the state, has been executed by the performance of its stipulations, the parties being in equalidelicto, the court, in the absence of statutory requirement, will withhold all remedial aid, and leave the parties just where it finds them."
In the case of Harper v. Crain, supra, Johnson, J., in speaking of the transaction therein involved, which arose from a wager, used this language:
"The statute prohibits such contracts, and gives a right of action to recover back to the loser.
"Independent of this statute, there was no remedy for the loser, where the money or property had been delivered, as the law would not lend its aid to a party either in the execution or rescission of such a contract."
What then are the plaintiff's rights under the statutes applicable to losses at gaming:
Section 5965, General Code, provides:
"All promises, agreements, notes, bills, bonds or other contracts, mortgages or other securities, when the whole or part of the consideration thereof is for money or other valuable thing won or lost, laid, staked, or betted at or upon a game of any kind, or upon a horse race or cock fight, sport or pastime, or on a wager, or for the repayment of money lent or advanced at the time of a game, play, bet or wager, for the purpose of being laid, betted, staked or wagered, are void and of no effect."
Section 5966, General Code, provides in part:
"If a person, by playing a game, or by a bet or wager, loses to another money or other thing of value, and pays or delivers it or a part thereof, to the winner thereof, such person so losing and paying or delivering, within six months after such loss and payment or delivery, may sue for and recover such money or thing of value or part thereof, from the winner thereof, with costs of suit. * * *" *Page 99 
Section 5967, General Code, provides as follows:
"A person who expends money or thing of value, or incurs an obligation for the purchase of or to procure a lottery or policy ticket, hazard or chance, or an interest therein, in or on account of a lottery, policy, scheme of chance, game of faro, pool or combination, keno or scheme of gambling, or a person dependent for support upon or entitled to the earnings of such person, or a citizen for the use of the person so interested, may sue for and recover from the person receiving such money, thing of value or obligation, the amount thereof, with exemplary damages, which shall not be less than fifty dollars nor more than five hundred dollars * * *."
Section 5968, General Code, provides:
"In the prosecution of such actions, the plaintiff need only allege that the defendant is indebted to the plaintiff, or received to the plaintiff's use, the money so lost and paid,or converted the goods won of the plaintiff to the defendant's use, whereby the plaintiff's action accrued to him, without setting forth the special matter." (Italics ours.)
Section 5969, General Code, provides:
"If a person losing money or thing of value as provided in section fifty-nine hundred and sixty-six of this chapter, wthin the time therein specified, and without collusion or deceit, does not sue, and effectively prosecute, for such money or thing of value, any person may sue for and recover it, with costs of suit, agains [against] such winner thereof, for the use of such person prosecuting such suit."
It has been held that under statutory provisions substantially the same as existing Section 5966, General Code, a person who loses money in the manner indicated may, even after the six-month period prescribed by what is now Section 5966, General Code, *Page 100 
prosecute an action to recover such loss provided the action is brought within the one-year statute applicable to penalties or forfeitures. See Cooper v. Rowley, supra, and Section 11225, General Code.
The statutory provisions above recited, with the exception of Section 5967, General Code, have been in existence in substantially the same form since 1831.
The plaintiff seeks the aid of the court to avoid the adverse effect of his gambling transaction and endeavors to procure for himself the benefits afforded by the favorable provisions of the statutes hereinabove quoted without conforming to the restrictions and limitations thereby imposed. The plaintiff is entitled to such relief only by the grace of such statutory provisions and only upon the conditions and within the limitations therein clearly prescribed. Since the action was not brought within the limitation of time prescribed, such action is barred.
It is the view of the minority that even if the four-year statutory limitation for conversion (Section 11224, General Code) apply, plaintiff must fail in this action for the reason that concededly the gambling transaction, of which the delivery of the bond to the defendant was a part, was unlawful and void, and consequently if an action in conversion was maintainable such cause of action immediately arose. That was January 15, 1940, and this action was brought April 19, 1944. In any event, therefore, the plaintiff has by lapse of time lost his right to maintain such action.
The judgment of the Court of Appeals, affirming the judgment of the Court of Common Pleas sustaining the demurrer to plaintiff's amended petition and dismissing his cause, is correct and should be affirmed.
TURNER and ZIMMERMAN, JJ., concur in the foregoing dissenting opinion. *Page 101