JOHN W. OWEN v. W. R. FRINK AND J. J. PEKO.

VERBAL CONTRACT—SPECIFIC PERFORMANCE.—In an action to compel the specific performance of a verbal contract to convey land, a decree enforcing specific performance will not be reversed because the Court fails to find that the party seeking performance was ready and desirous to perform on his part, provided the findings show such facts, as, taken in connection with an offer to pay the price of the land into Court, evince a readiness and willingness to perform.

FINDINGS OF FACT.—In such action, when the defense is a repudiation and abandonment of the contract by the party seeking performance, and the testimony is conflicting, the findings of the Court on the question are conclusive.

BILL OF SALE.—An equitable right to a conveyance of real estate existing under a parol contract and part performance, passes to the purchaser by a bill of sale not under seal.

BILL OF SALE OF LAND.—A written, but unsealed, transfer of a legal estate in land is good as a contract to convey, under the Statute of Frauds.

OBJECTION TO TESTIMONY.—Where the objection to the introduction of testimony is, in general terms, that it is irrelevant, without stating the particular reason why it is irrelevant, and the objection could have been cured by the party offering the

John W. Owen v. W. R. Frink et al.

testimony if the reason for it had been given, the Supreme Court will not notice the objection.

ACTION BY ASIGNEES OF EQUITABLE TITLE.—If A. enters into a contract with B. for the conveyance of a tract of land, whereby B. acquires a right to a conveyance of the entire tract, and B. afterwards assigns to two or more persons, giving to each a separate conveyance of his equitable title to distinct and separate parcels of the land, the asignees of B. may maintain a joint action against A. for a specific performance of the contract.

SPECIFIC PERFORMANCE.—A contract for the conveyance of land, by the terms of which the purchaser may pay the purchase money either in labor or money, at his option, may be enforced in equity if the purchaser elects to pay in money, and makes a tender of the amount due.

APPEAL from the District Court, Seventh Judicial District, Solano County.

The facts are stated in the opinion of the Court.

*Whitman* and *Wells*, for Appellant.

Respondents were not entitled to a specific performance, because they are not found to have been ready or desirous to perform. (Story on Equity, Sec. 776 ; *King* v. *Hamilton*, 4 Peters, 311 ; *Conrad* v. *Lindley*, 2 Cal. 175 ; *Brown* v. *Covillaud*, 6 Cal. 571 ; *Weber* v. *Marshall*, 19 Cal. 447 ; *Cooper* v. *Pena*, 21 Cal. 404 ; Williams' Equity, 292.)

The act of the defendant in denying title, or disclaiming the vendee's title, was a forfeiture of all rights under the contract. (*Conrad* v. *Lindley*, 2 Cal. 175.)

Defendants insist that they made a tender in 1858. In 1860 they deny our title, set up adverse possession and the Statute of Limitations. What were they doing in this but endeavoring to deprive us of the money they had tendered?

We submit, also, that the bills of sale offered in evidence, from which the defendants seek to deraign their title to a specific performance, are competent to pass only a possessory interest in land or improvements. No contract is named in them, nor sought to be assigned.

The defendants have not the legal title under the contract, and are not the legal successors in interest to the original contractor, the parties being sub-purchasers of several por-

tions under a bill of sale. (*Wood* v. *Perry,* 1 Barbour, 114 ; Story's Equity, 226, 272 ; *Auldrich* v. *Putney,* 11 Paige, 204 ; Story's Equity, Secs. 3, 788, 789.)

Nor have they a legal title, but a simple chattel or personal interest, succeeding to the tenancy of Brown only. (Willard's Equity, 298 ; *Meader* v. *Parsons,* 19 Cal. 298.)

He who seeks specific performance must come *recenti facto,* then the remedies must be mutual. There must have been no change of circumstances affecting the character of justice of the contract.

He who asks specific performance must be in a condition to perform his own part of the contract, and must have shown himself ready, desirous, prompt, and eager to perform it. (Story's Equity, 776.)

*M. A. Wheaton,* for Respondents.

The bills of sale executed by Brower and Crockett were sufficient to convey his interest in the contract with Owen, and to confer upon the assignees a perfect equity which they could enforce. (Wood's Dig., Arts. 394, 396 )

The plaintiff was a stranger to these transfers, and had no right to question them, as they did not change his *status* in regard to his own contract.

The tender of one hundred dollars to plaintiff, and his refusal to accept it, placed him in the wrong, and he could only avoid the effect of the tender by offering to accept the money and execute the deed. He could not avoid his contract for any conduct of the defendants so long as they held his money ready for him and he refused to accept it. (2 Greenleaf on Evidence, §608.)

By the Court, SHAFTER, J.

This is an action of ejectment brought to recover the possession of lands situate in Suisun Township, County of Solano.

The defendants answered jointly, disclaiming all title to or interest in the premises demanded, except as to a certain part

thereof particularly described, and as to that part the defendants aver that they hold and occupy it by title derived from one Brower. That Brower, in May, 1857, made a verbal contract with the plaintiff for a purchase of the particular part named, for one hundred dollars, payable in labor as the plaintiff should require, or in cash, at Brower's election. That plaintiff bound himself by the contract to execute a deed of the lot to Brower, on full performance on his part, and that Brower, in pursuance of the contract, went into possession of the lot, and made valuable improvements thereon. That he performed labor for the plaintiff, under the contract, to the amount of thirty-five dollars, and always worked for the plaintiff when requested by him so to do. That on the 9th of June, 1858, the defendants succeeded to the rights of Brower, and on the same day tendered to the plaintiff one hundred dollars, and presented to him for execution a quit-claim deed running to them, and that plaintiff declined the tender and refused to execute the deed. Defendants also aver that they have ever been ready and willing to pay the balance of the consideration due, and they offer to pay the one hundred dollars tendered into Court, and pray that the plaintiff may be decreed to perform his contract specifically.

The replication denies all the allegations in the answer, asserts the Statute of Limitations as a defense, and the Statute of Frauds also, and claims that the rights of the defendants, if they ever had any, have been forfeited on the ground of an alleged repudiation by them of the plaintiff's title to the land manifested in speech and by adverse occupation. The trial was by the Court, and on the findings judgment was entered for the defendants in conformity to the prayer in the answer. The plaintiff appeals from the judgment and from an order denying a new trial.

1. The appellant insists that the respondents were not entitled to specific performance, because they are not found to have been ready or desirous to perform on their part.

It is true that there is no direct statement in the findings that the defendants were either ready or desirous to perform,

but it is found that Brower, under whom the defendants claim, performed personal services for the plaintiff of the value of thirty-five dollars, and that within thirteen months from the date of the agreement, the defendants, having succeeded to the rights of Brower, tendered to the plaintiff one hundred dollars—thirty-five dollars more than was due. These facts, when taken in connection with the offer of the defendants to pay the money into Court, we consider as sufficiently evincive of readiness and willingness on their part to perform. Further, the Court does not find, neither is there any testimony tending to prove, that either Brower or the defendants had compromised their legal rights under the contract by a breach of any of its provisions. Brower was to perform services from time to time as required, and he had the privilege of paying the hundred dollars, or any part thereof, in money, should he at any time choose so to do. The Court finds that service to a certain amount was performed, and that more than the balance due was tendered in money, and if additional service was ever called for by the plaintiff and refused by Brower, the burden of proving it was clearly upon the plaintiff.

2. It is insisted that the defendants, as the successors of Brower, have repudiated and abandoned the contract.

It appears that the contract was made in May, 1857; that Brower entered at once into possession under it, made valuable improvements, and performed for the plaintiff the labor before referred to; and that on the 30th of May, 1857, he assigned to Crockett, through whom the defendants claim. A witness for the plaintiff testified that titles to land in Suisun were complicated and conflicting; that Frink was "an ardent man," and that he (the witness) had heard Frink conversing with promiscuous crowds, debating the matter frequently, and that on such occasions Frink always took sides against the plaintiff's title. It further appears from the record, that the defendants, in their original answer, denied all the plaintiff's allegations, and pleaded the Statute of Limitations, neither of

which defenses, however, was reproduced in the amended answer filed thereafter.

In so far as the criticisms put by Frink upon the plaintiff's title are concerned, they may have had some tendency, perhaps, to show that he was not in possession of the property on the faith of the contract, of which he was, in part, an assignee; and the orignal answer may, after it became derelict, have been admissible as evidence tending to the same conclusion. But the entry of Brower—the further fact that before parting with his interest he paid thirty-five dollars on account of the contract, and expended sixty dollars in improving the property—the fact that the defendants paid a valuable consideration for the equitable rights of Brower, and thereafter tendered to plaintiff thirty-five dollars more than was due, and that, too, in advance of any breach on their part, or by those under whom they claimed, were also before the Court as matters of conduct, having a clear bearing upon the abandonment or repudiation alleged. The question raised was a question of fact, (*Conrad* v. *Lindley*, 2 Cal. 175,) and by the whole course of the decisions the finding of the Court thereon is conclusive.

3. It is further objected on the part of the appellant, that the equitable rights of Brower have not, on the proofs in the case, passed to the defendants.

The defendant Frink claims under Crockett by deeds signed, sealed, acknowledged, and recorded. The defendant Peko claims under Crockett, by a bill of sale of all the vendor's right, title, and interest, and Crockett's title, derived from Brower, stands upon a bill of sale of like character.

In *Ingoldsby* v. *Juan*, 12 Cal. 577, it was considered that "there is no authority which holds that a conveyance of an interest in land must necessarily be under seal; and if it were so at common law, it does not follow that it is so required by our statute." But the right of Brower was purely equitable; and though the contract was by parol, still, by part performance his rights were rescued from the operation of the Statute of Frauds, (*Arguello* v. *Edinger*, 10 Cal. 158,) and there can

be no doubt that Brower's right to a conveyance passed by his bill of sale to Crockett. If the written but unsealed transfer had been of a legal estate in the land, though not operating as a conveyance *in presenti*, still, it would have been good as a contract to convey under the Statute of Frauds.

4. It is claimed by the appellant that inasmuch as the answer sets up, in effect, that the defendants were joint assignees of Brower's right, that the documentary evidence showing that one part of the lot affected by the equitable title was assigned to Frink, and another and distinct part assigned to Peko, should have been excluded by the Court.

To this objection there are two answers :

1. The objection taken to each document, as offered, was " irrelevancy." The objection was too general. (*Dreux* v. *Domec*, 18 Cal. 83.) Where objection is taken to the introduction of evidence, the party objecting should, as a general rule, state the exact point of his objection. (*Kiler* v. *Kimball*, 10 Cal. 267.) If this rule had been observed at the trial of this case, the defendants, perhaps, could have produced proof of a joint assignment from Crockett to them, subsequently executed.

2. It is true, if an estate should be sold in lots to different persons, the purchasers could not join in exhibiting one bill against the vendor for a specific performance ; for each party's case would be distinct, and would depend on its own peculiar circumstances ; and, therefore, there should be a distinct bill upon each contract. (St. Eq. Pl. Sec. 272.) But that is not this case. Here there was but one contract to convey, though the lands affected by it have come to the defendants respectively in divided moieties. The general rule is, that unconnected parties may join in bringing a bill in equity where there is one connected interest among them all, centering in the point in issue in the cause.

In *Fellows et als.* v. *Fellows et als.* 5 Cowen, 682, the bill charged that the defendants had confederated among themselves, and with the debtor of the complainants, to defraud the complainants by taking a conveyance to each, in separate par-

23

cels, of all the debtor's real and personal property, without consideration, and with intent to avoid execution upon the plaintiff's judgment.  To this bill one of the defendants demurred, for multifariousness.  The demurrer was overruled, and substantially on the ground above suggested.  In the case at bar the plaintiff made but one contract to convey, and he can be subjected to but one suit upon it for damages at law, and to but one for specific performance in equity.  Though the defendants are not jointly interested in the contract, in the narrow sense of that term, yet, they have a common interest that it should be specifically performed to the whole extent of its terms.  The plaintiff is in no manner prejudiced by the joint assertion of the equitable right in the answer, for the judgment will be not only a joint, but several, bar against any further proceedings upon the contract.

5.  But it is urged for the appellant, that no decree for specific performance can properly be entered in this case, for the reason that " the remedies are not mutual."

In support of this objection counsel refer to *Cooper* v. *Pena*, 21 Cal. 404.

The principle is this : Where one is employed to work for a given time, or to do work by the job, the employer has the power to stop the work at any time, in his election ; but an exercise of this power subjects the employer to damages commensurate with the injury sustained.  (*Clark* v. *Meassiglier*, 1 Denio, 317 ; *Derby* v. *Johnson*, 21 Vt. 21.)

In the case cited from the 21 Cal., personal service on the part of *Cooper* was the sole consideration of Pena's contract to convey.  The services were performed in part, and the plaintiff offered to perform the residue, but the offer was declined by Pena, and the plaintiff was, in effect, forbidden to proceed.  In the case at bar, however, Brower was not bound implicitly to render any personal service, for, by the contract, he was left at liberty to pay in money.  He paid a part of the stipulated price in labor, and the defendants, claiming under him by assignment, tendered more than the just balance in money.  On principle, no distinction can be taken, so far as

the remedy of specific performance is concerned, between a contract for a conveyance of land going upon a purely money consideration, and a like contract where the consideration is to be paid in labor or money, at the election of the purchaser, in the event the latter determines his election in the end by a tender of the whole amount in money, or by a tender of so much thereof as remains unsatisfied at the making of the tender.

Judgment affirmed.