[Department Two.—April 2, 1883.]

## E. B. YOUNG, RESPONDENT, *v.* THOMAS S. MILLER ET AL., THOMAS S. MILLER, APPELLANT.

PROMISSORY NOTE—INDORSER—PLEADING—DEMURRER.—In an action against the maker and indorser of a promissory note, the complaint alleged in substance among other things that the note was presented at maturity to the maker for payment, but was not paid, whereof the indorser had due notice. The indorser demurred on the ground of the insufficiency of this allegation, and the demurrer was overruled. *Held*, that the allegation was sufficient, and that the demurrer was properly overruled.

ID.—ANSWER—DENIAL.—The answer of the indorser denied that he had due or legal notice of the presentment of the note for payment, or the non-payment thereof. *Held*, that no issue of fact was raised by this denial.

ID.—ACCOMMODATION INDORSER—TENDER.—An alleged tender by the indorser *held* to be bad because the amount tendered was less than the sum due by the terms of the note, although he was an accommodation indorser, and the plaintiff had purchased the note of the maker at a discount.

ATTACHMENT—FEES OF SHERIFF.—Where an attachment is levied on separate pieces of real estate, the sheriff is entitled to fees for each levy.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing to retax costs.

The only defense was by the indorser, and judgment was rendered against him on the pleadings. The additional facts sufficiently appear in the head notes and opinion of the court.

*P. B. Ladd*, and *Wilson & Otis*, for Appellant.

*John H. B. Wilkins*, for Respondent.

PER CURIAM.—The demurrer to the complaint was properly overruled. The allegation of presentation of the note to the maker, the non-payment, and notice thereof to the indorser are sufficiently alleged. The denial of the defendant that he had due or legal notice of the presentation of the note to the maker for payment, and the non-payment thereof raised no issue of fact; and the allegations that defendant was an accommodation indorser, that the plaintiff purchased the note of the maker at a discount, and that the defendant tendered to the plaintiff the sum which he paid for the note with interest and cost of protest, constituted no defense to the action, because the amount tendered was less than the sum due by the terms of the note; and it was

not error to render judgment for the plaintiff upon the pleadings. The levy of the attachment upon each separate piece of real estate constituted an independent levy on the property. In this case there were three distinct levies, for each of which the sheriff was entitled to the fees allowed "for levying an attachment on property."

Judgment and order affirmed.

Hearing in Bank denied.