[Sac. No. 16.   Department One.—November 25, 1895.]

# K. D. WISE, RESPONDENT, *v.* L. J. ROSE, JR., APPELLANT.

WAGER—REPUDIATION BEFORE DECISION—RECOVERY FROM STAKEHOLDER. Where a wager upon the result of a horserace is repudiated, and notice of the repudiation given to the stakeholder before the race is run and the wager decided, the stakeholder is bound to deliver the stake deposited with him by the party repudiating the wager to such party, and he may recover the same from the stakeholder, though subsequently paid over to the winning party.

ID.—PLEADING—INSUFFICIENCY OF DENIAL.—Where the complaint avers that notice of repudiation was given before the race was run, an answer admitting that the notice was given, but stating that the defendant cannot positively say whether it was received prior to the time when the event occurred, or prior to the time when the wager was decided, does not deny the averment of the complaint that he had notice of the repudiation before the race was run, and before it was known, or could have been known, whether plaintiff had won or lost the wager.

ID.—CONJUNCTIVE DENIAL.—A conjunctive denial of several distinct allegations of the complaint, connected by the conjunction "and," is not a denial of any one of them.

ID.—EVIDENCE—REGULATIONS OF TURF.—The regulations and usages of the turf are subject to the laws of the state, and it is not admissible to prove that the words "play or pay," in a written agreement of wager upon a horserace, mean that, after the stakes were placed, neither party could repudiate the wager without the consent of the other, even though one of the horses should die before the day set for the race.

APPEAL from a judgment of the Superior Court of San Joaquin County. JOSEPH H. BUDD, Judge.

The facts are stated in the opinion.

*Woods & Levinsky*, for Appellant.

The case at bar depends upon "Racing Authorities" and the "Rules of the Turf." (Rules of National Trot-

ting Association, Rules 7, 10, 20, 27; *Gridley* v. *Dorn*, 57
Cal. 78; 40 Am. Rep. 110.) Where two parties in equal
guilt have agreed to gamble, the chancellor ought not
to interfere between them and relieve the loser. (*Downs*
v. *Quarels*, Litt. Sel. Cas. 489; 12 Am. Dec. 337.)

*James A. Louttit*, for Respondent.

Wagers upon horseraces are illegal and against pub-
lic policy. (*Gridley* v. *Dorn*, 57 Cal. 79; 40 Am. Rep.
110; *Johnston* v. *Russell*, 37 Cal. 672; *Hill* v. *Kidd*, 43
Cal. 616; *Love* v. *Harvey*, 114 Mass. 80.) The rules of
the "National Trotting Association" are not authority
in any court. (*Gridley* v. *Dorn, supra.*) Plaintiff had
a right to repudiate the contract, and demand a return
of the money before the wager was decided. (*John-
ston* v. *Russell, supra; Love* v. *Harvey, supra; McKee* v.
*Manice*, 11 Cush. 357; *Morgan* v. *Beaumont*, 121 Mass.
7; *Fisher* v. *Hildreth*, 117 Mass. 558; *Hill* v. *Kidd, supra.*)

VANCLIEF, C.—It is alleged in the complaint that
plaintiff and A. B. Spreckels laid a wager of $500 on
the result of a horserace to be run on the Stockton
course between September 17 and 22, 1894, each deposit-
ing with the defendant his stake of $500, under an
agreement that defendant should pay the stakes ($1,000)
to the winner; that before the race was run, and before
it was or could have been known or determined whether
plaintiff had won or lost the stakes, he repudiated the
wager and served written notice of such repudiation
upon Spreckels and upon defendant, and, two days
thereafter, demanded of defendant his said stake of
$500; but that defendant has failed and refused to re-
turn to him said sum of $500 or any part thereof.

In his answer defendant admits the wager, and that
plaintiff and Spreckels each deposited with him a stake
of $500 pursuant to a written agreement between them,
which was also deposited with him, of which the fol-
lowing is a copy:

"San Francisco, Cal., Aug. 15, 1894.

"In the match race between the mare 'She' and 'Jennie June' the conditions are as follows, to wit: L. J. Rose (Jr.) is stakeholder.  The race to be trotted at Stockton, California, during the fall meeting.  Each principal to select one judge, they to select a third judge.  The principals to agree upon a starter.  The race to be three best heats in five and trotted to rule. Positions to be decided by tossing up.  The race to be for five hundred dollars a side.  Play or pay.

"K. D. Wise,

"A. B. Spreckels."

That thereafter the following further written agreement was executed between plaintiff and Spreckels:

"Sacramento, Cal., Sept. 10, 1894.

"The undersigned agree to trot the match race between 'She' and 'Jennie June' on the 18th day of the present month, over the Stockton course.

"A. B. Spreckels,

"K. D. Wise."

That at the time and place thus appointed the said "Jennie June" failed to appear, although requested by the judges of the race so to do, but that the mare "She" did appear in accordance with the terms of said agreement, and did trot over said course at said time, and did win said race; and thereupon the judges of said race did so decide and declare in writing, as follows:

"Stockton, September 18, 1894.

"In the match race between 'She' and 'Jennie June' the latter did not appear when called, and 'She' came up and was given the word, and after trotting over the course in 2:22 was declared the winner of the race.

"Chris. Green,

"C. E. Needham,

"B. F. Langford,

"Judges."

Defendant qualifiedly denied, as hereinafter stated, the alleged repudiation of the wager, and notice thereof

to him and Spreckels, on the ground that he "has no information or belief sufficient to enable him to answer the allegation." But "admits that on the eighteenth day of September, 1894, he received an alleged telegraphic repudiation from said plaintiff, but whether the same was received by him prior to the time when said event occurred, or was to have occurred, or prior to the time when said wager was decided, this defendant cannot positively say."

Further answering the defendant "admits that he has not paid to the said plaintiff the sum of $500 or any part thereof, but denies that he still has or holds said sum, or any part thereof, and in this behalf alleges that after the happening of the said event, to wit: the winning of the said race by the said mare 'She' that he delivered to, and paid to, said A. B. Spreckels, in accordance with the terms of said written contract or agreement hereinbefore set forth, the full sum of $1,000."

The plaintiff demurred to the answer on the ground that it does not state facts constituting a defense, and, at the same time and upon the same ground, moved the court for judgment in favor of plaintiff on the pleadings.

The court sustained the demurrer, and also rendered judgment for plaintiff on the pleadings.

Defendant brings this appeal from the judgment on the judgment-roll, with a bill of exceptions showing merely the action of the court on the demurrer and motion for judgment. It does not appear that defendant offered to amend his answer, nor that he expressly declined to amend; but he does not complain that he did not have leave to amend, nor pretend that he desired to amend his answer, but simply contends that his answer stated a defense to the action, and that the court erred in sustaining the demurrer and in rendering judgment in favor of plaintiff.

Unquestionably, the plaintiff was entitled to judgment on the facts stated in his complaint (*Johnston* v. *Russell*, 37 Cal. 670; *Hill* v. *Kidd*, 43 Cal. 615; *Gridley* v. *Dorn*, 57 Cal. 78; 40 Am. Rep. 110); and there is no pretense

that the answer denied any material fact alleged in the complaint, except the averment that plaintiff notified the defendant of his repudiation of the wager *before* the race was run, and before it was known, or could have been known, whether plaintiff had won or lost the wager. The answer shows that the race was trotted by the mare " She" alone, as the second event in the afternoon of September, 18, 1894, and expressly admits that defendant received telegraphic notice of plaintiff's repudiation of the wager on that day, and does not deny that he received such notice before the race was trotted by the mare " She," but merely avers that "defendant cannot *positively say*" whether or not the telegram was received by him before the event occurred or before the wager was decided. This is not a denial of the allegation in the complaint that he had notice of the repudiation before the race was run, and before it was known, or could have been known, whether plaintiff won or lost the wager; nor is it an averment that defendant did not *know* that he received the telegram before the race was trotted, and before it was known which party won; and surely it could not have been intended as an averment that he did not *believe* the telegram was received by him before the race was trotted. Nor is this construction of the express admission in defendant's answer affected or qualified by the previous denial (on the ground of want of sufficient knowledge or belief) " that on the 18th day of September, 1894, and prior to the time when the event occurred, or was to have occurred, or prior to the time when said wager was decided, plaintiff repudiated said wager *and* served written notice of said repudiation upon said defendant *and* his representative, one Walter Maben, *also* upon said A. B. Spreckels *and* his representative, one Ben Harris." This copulative denial of four distinct matters, two of which, at least, are immaterial, is not a denial of any one of them. While the repudiation of the wager on September 18th is expressly admitted, the answer is plainly evasive of the material allegation in the complaint that such repudia-

tion and due notice thereof were prior to the occurrence of the event by which alone it could be determined whether plaintiff won or lost the wager.

Appellant offered to prove that the words "play or pay," in the agreement, mean that, after the stakes were placed, neither party could repudiate without consent of the other, even though one of the horses should die before the day set for the race. The court properly refused to hear this evidence, since the regulations and usages of the turf are subject to the laws of the state.

I think the judgment should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.