[Civ. No. 503. Third Appellate District.—July 24, 1908.]

W. F. TOOMEY et al., Respondents v. F. KNOBLOCH, CONRAD METZLER and F. H. MINARD, Appellants.

ACTION TO CANCEL STREET ASSESSMENT LIENS—PARTIES—JOINDER OF OWNERS OF SEPARATE LOTS.—In an action to cancel street assessment liens, for invalidity of the assessment, and to have the entire record of the warrant, assessment and diagram in the office of the superintendent of streets canceled by the judgment of the court, the owners in severalty of separate lots may be joined as plaintiffs, as ''having an interest in the subject of the action and in obtaining the relief demanded,'' in accordance with section 378 of the Code of Civil Procedure. If not all necessary parties, they are at least proper parties.

ID.—OVERRULING DEMURRER FOR MISJOINDER.—Assuming that the action of the court in overruling a demurrer for misjoinder of parties

plaintiff was technically erroneous, it is clear that defendants were not prejudiced thereby, and it could not justify a reversal.

ID.—CONJUNCTIVE DENIAL OF TITLE INSUFFICIENT—ADMISSION OF TITLE —PROOF NOT REQUIRED.—Where each of the plaintiffs claimed more than one lot, a conjunctive denial in the form that each plaintiff named is not, and never has been, the owner of one lot described and of another lot described is insufficient to raise any issue as to the title of either lot, and is an admission of plaintiff's title to both lots, and the plaintiff is not required to prove it.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

J. P. Bernhard, for Appellants.

Sutherland & Barbour, for Respondents.

BURNETT, J.—By the judgment it was determined that certain assessments for street work are void, and the cancellation of the entire record of the warrant, assessment and diagram in the office of the superintendent of streets was adjudged because unauthorized by law.

There are only two reasons urged by appellants for a reversal of the judgment and the order denying the motion for a new trial, neither of which possesses any substantial merit.

The plaintiffs are the owners in severalty of different lots, and the contention is made that they are improperly joined as plaintiffs, and that, therefore, the demurrer to that effect should have been sustained. But the trial court was right in its ruling because the statute expressly authorizes the joinder of plaintiffs in one action to accomplish a common purpose. Section 378 of the Code of Civil Procedure provides that "All persons having an interest in the subject of the action and in obtaining the relief demanded, may be joined as plaintiffs."

It is true that it is not always easy to determine "the subject of the action." Mr. Pomeroy says: "The term does not seem capable of any clear and complete analysis, and the result is that it may denote the thing if any—land, chattel, person, fund, estate and the like—in respect of which rights are sought to be maintained and duties enforced, or it may de-

note the sum of the questions between the parties to be determined by the judgment of the Court." (Pomeroy's Remedies, 4th ed., sec. 384.)

In the case at bar, though, the only thing in controversy affecting the rights of the parties is the validity of the assessment, and there is no good reason why that should not be considered the subject of the action.

It is true that the lien as to each lot is separate and distinct, and the relief sought is the cancellation of as many distinct liens as there are lots affected by the alleged invalid assessment, but the common ground of complaint in which all the plaintiffs are interested is that the warrant of assessment, the source and basis of all the alleged liens is invalid, and hence there is no support for the claim against any of the property, and the relief demanded which affects all who are joined in the action is the cancellation of said warrant.

The adjudication of this common interest and the determination and application of this common relief in favor of plaintiffs necessarily lead to the removal of the cloud upon the title to all the property.

It must be clear, therefore, that all the plaintiffs are interested in the subject of the action and in obtaining the relief demanded, and even if not all necessary, they were at least proper parties to the proceeding. (*Owen* v. *Frink,* 24 Cal. 177; *People* v. *Morrell,* 26 Cal. 361; *Churchill* v. *Lauer,* 84 Cal. 236, [24 Pac. 107]; Pomeroy's Remedies, 3d ed., sec. 183; 21 Ency. of Pl. & Pr., pp. 463-466.)

But again, if the ruling of the court was technically erroneous, it is perfectly clear that defendants were not prejudiced thereby. (*Daly* v. *Ruddell,* 137 Cal. 674, [70 Pac. 784]; *Woollacott et al.* v. *Meekin,* 151 Cal. 701, [91 Pac. 912].)

In the latter case it is said: "Assuming that there was a misjoinder of parties plaintiff in an action by twelve persons owning separate lots of land to obtain a decree declaring void such assessment and the bonds issued thereon constituting a lien on their land, still such misjoinder was without prejudice to the defendant and the overruling of a demurrer to the complaint on that ground will not warrant the reversal of a judgment against the defendant."

The other point urged by appellants is as easily disposed of. It was not necessary for plaintiffs to prove the title for the reason, as pointed out by respondents, that it was not denied by defendants. The attempted denial is in this form: "This defendant has no information or belief with reference to the allegations contained in paragraph 1 of said complaint sufficient to answer the same, and basing his denial upon that ground. Denies that the plaintiff, W. F. Toomey now is or ever has been the owner of Lot 7 and the north half of Lot 8 of Griffith's Addition." The denials are similar as to the other plaintiffs, each of whom claims to own more than one lot.

It is too well settled for further controversy that such a denial in the conjunctive raises no issue as to the ownership of either of the lots, and hence relieves the plaintiff from any legal duty to prove the allegation. (*Leroux* v. *Murdock*, 51 Cal. 541; *Young* v. *Miller*, 63 Cal. 302; *Wise* v. *Rose*, 110 Cal. 163, [42 Pac. 569]; *Nolan* v. *Hentig*, 138 Cal. 283, [71 Pac. 440].)

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.