[Civ. No. 5049. First Appellate District, Division Two.—December 31, 1924.]

HUMBOLDT OIL COMPANY (a Corporation) et al., Respondents, v. W. W. HOAGLAND et al., Appellants.

[1] Words and Phrases — Word "Addressed" — Meaning of. — The word "addressed" signifies "directed" or "aimed"; and the words addressed to a person are aimed at or spoken straight to him, indicating that they are meant expressly for him. So, a written communication is addressed to, or aimed at, a person in order that it may reach him and be read by him.

[2] Corporations—Removal of Directors—Call for Meeting—Purpose in Requiring Call to be Addressed to Secretary—Section 310, Civil Code.—The purpose of section 310 of the Civil Code in requiring a call for a stockholders' meeting for the removal of directors to be addressed to the secretary is to bring the call to his attention so that he may read it and act upon it, and the term "addressed" as used in the section should not be so strictly interpreted as to require the secretary to be formally named in writing as the addressee on the face of the call itself.

[3] ID.—CALL INCLOSED IN ENVELOPE—ENVELOPE ADDRESSED TO SECRE-
TARY—MAILING OR PERSONAL DELIVERY OF—SUFFICIENCY OF AD-
DRESS.—If a call for a stockholders' meeting for the removal of
directors were to be inclosed in an envelope, and the envelope in-
scribed with the name and office address of the secretary, and then
mailed, or personally delivered to the secretary, it could hardly
be said that such a call was not addressed to the secretary.

[4] ID.—DELIVERY OF CALL TO SECRETARY—DEMAND FOR PUBLICATION
—COMPLIANCE WITH SECTION 310, CIVIL CODE.—A written call for
a stockholders' meeting for the removal of directors which, instead
of being put into an addressed envelope, was delivered to the sec-
retary in person with the demand that he publish the same, was
sufficiently "addressed" to the secretary within the meaning of that
term as used in section 310 of the Civil Code, where the call
passed into the hands of the secretary and he read it and knew
what was demanded of him.

[5] ID.—REMOVAL OF DIRECTORS—PUBLICATION OF NOTICE—ORDER OF
ACTING PRESIDENT NOT REQUIRED.—Section 310 of the Civil Code,
when read with section 301 of the same code, does not require
the publication of notice of stockholders' meeting for the removal
of directors to be preceded by the order of the acting president.

[6] ID.—REFUSAL OF SECRETARY TO ACT—RIGHT OF STOCKHOLDERS—
PUBLICATION — CONSTRUCTION OF SECTION 301, CIVIL CODE.—The
law contemplates that stockholders shall have the right to control
their company; and a means is provided for their own publication
of their call when the secretary does not act upon their request.
The reference in section 301 of the Civil Code relating to the man-
ner of the publication should be held to be limited to the period
of publication and the paper.

---

(1) 1 C. J., p. 1192, n. 14.    (2) 14 C. J., p. 888, n. 65, p. 890,
n. 89 New.    (3) 14 C. J., p. 888, n. 65.    (4) 14 C. J., p. 888, n. 65.
(5) 14a C. J., p. 74, n. 40.    (6) 14 C. J., p. 893, n. 48 New.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   Walter Perry Johnson,
Judge.   Affirmed.

The facts are stated in the opinion of the court.

Wm. Kehoe and A. P. Black for Appellants.

Corbet & Selby and John H. Riordan for Respondents.

NOURSE, J.—The petitioners commenced this proceeding
in the superior court for a writ of mandate to compel the

respondents to deliver the corporation seal, the corporation books, the office furniture, money on hand, and all other property of the corporation into the possession of the petitioners. The petition was resisted by the respondents on the ground that the petitioners were not entitled to bring the action because they were not legally elected to the office of directors of the company. All the issues of fact involved were found in favor of the petitioners and a peremptory writ of mandate was issued. From this judgment the respondents have appealed under section 953a of the Code of Civil Procedure.

The only ground urged on the appeal is that the meeting of the stockholders held on November 30, 1923, was not a legal meeting because it had not been called in the manner provided by law. The facts pertinent to this appeal are that a majority of the stockholders of the corporation, having determined the necessity of holding a meeting for the purpose of removing the directors of the corporation, and the officers of the company having refused to call such a meeting, proceeded to make a call by attaching their signatures to separate pieces of paper containing a printed call for such a meeting and mailing these to the chairman of the committee of the stockholders elected for that purpose who in turn presented them to the secretary with a demand that he call a meeting as requested by the stockholders. The secretary refused to give notice of the meeting, basing his refusal upon the ground that the call did not comply with the terms of section 310 of the Civil Code. The stockholders thereupon published due notice of the meeting to be held on November 30th, and at the meeting held in accordance with this notice more than eighty per cent of the stockholders holding about eighty per cent of the capital stock of the corporation were present. By a vote of 77,507 to 695, they removed the former board of directors and elected in their places other directors who represent the petitioners in this action. The point of respondents on this appeal is that the call, or calls, for that meeting were not addressed directly to the secretary of the corporation as required by section 310, and that the publication of the notice of the meeting was not given by order of the acting president as required by section 301 of the Civil Code. These are the same grounds upon which the writ was resisted by the respondents before

the trial court, and that court, after a full and impartial hearing, supported its judgment by a written opinion. Having read that opinion we are unable to find anything in appellant's brief or oral argument which would cause us to disagree with the reasoning or conclusions of the learned trial judge. The reasons which he gave for the judgment are sufficient reasons for the affirmance of the judgment by this court. We therefore approve and adopt as the opinion of this court the following portion of the opinion prepared by Judge Johnson:

"I have given further consideration in the above mentioned action to the provisions of Sec. 310, C. C. requiring a call for a meeting of stockholders to remove directors to be in writing and addressed to the secretary.

"The word 'addressed' is etymologically connected with the Latin word 'directus' meaning straight or right; and primarily a thing is addressed when it is aimed straight or right.

"Among the definitions given in the Century Dictionary for the verb 'address' we find the following: 'To give direction to, as to aim a missile at an object; to direct to the ear or attention, to direct speech or writing to, to aim at the hearing or attention of.'

"And in the Standard Dictionary the word is defined as meaning: 'To direct spoken words to; to deliver or direct as an observation or communication.'

[1] "The word 'addressed' thus signifies 'directed' or 'aimed'; and words addressed to a person are aimed at or spoken straight to him, indicating that they are meant expressly for him.

"So a written communication is addressed to, or aimed at, a person in order that it may reach him and be read by him.

[2] "The purpose of Sec. 310, C. C. in requiring a call to be addressed to the secretary is to bring the call to his attention so that he may read it and act upon it. I do not think that the term as used in the section should be so strictly interpreted as to require the secretary to be formally named in writing as the addressee on the face of the call itself.

[3] If a call were to be enclosed in an envelope, and the envelope inscribed with the name and office address of the secretary, and then mailed, or personally delivered to the

secretary, it could hardly be said that such a call was not addressed to the secretary.

[4] "In the case before us, the call instead of being put into an addressed envelope, was delivered to the secretary in person and he was asked to publish it.' This certainly aimed that call at him and brought it in the most direct way to his notice. It passed into his hands, and he read it and knew what was demanded of him.

"This procedure fully accomplished the purposes of the statute; and I am of the opinion that the call so presented and received was sufficiently 'addressed' to the secretary. The secretary having received and retained the paper under the circumstances shown in evidence, neither he nor the other officers should be permitted on such hypertechnical grounds to disregard the function which the document was designed to perform.

[5] "As to the publication itself, I do not think that Sec. 310, when read with Sec. 301, requires the publication to be preceded by the order of the acting president.

[6] "The law contemplates that stockholders shall have the right to control their company; and a means is provided for their own publication of their call, when the secretary does not act upon their request. The reference in Sec. 301 relating to the manner of the publication should be held to be limited to the period of publication and the paper."

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.