[Civ. No. 6428. First Appellate District, Division Two.—September 4, 1928.]

NATIONAL STONE TILE CORPORATION (a Corporation) et al., Petitioners, v. J. T. VOORHEIS et al., Respondents.

Sullivan & Sullivan & Theo. J. Roche and Corbet & Selby for Petitioners.

Bronson, Bronson & Slaven and A. L. Shannon for Respondents.

STURTEVANT, J.—*Mandamus*. The plaintiff, through its alleged officers, is seeking by this proceeding to obtain possession of its books, records, and files, etc. Its pleading sets forth a double claim.

Its first claim arises by reason of the following matters. The petition alleges the due incorporation of the plaintiff; that it has five directors, giving their names; that on February 23, 1928, a meeting of the board of directors was duly had; that at said meeting W. P. Stanton was removed as president and C. C. H. Thomas was appointed president of the corporation; that J. T. Voorheis was removed from the office of vice-president and that W. P. Thomas was appointed as vice-president; that A. L. Shannon was removed from the office of secretary and A. L. Whittle was appointed as secretary; that after said meeting of the board of directors the newly appointed officers duly demanded of the former officers the possession of the books, records, files, etc.; and that the respondents refused to deliver them. The foregoing allegations show a complete cause of action in favor of the petitioners and against the respondents as of the date of the demand, to wit, February 23, 1928. The respondents have not even offered any defense thereto.

The second theory on which the petitioners rely and the answer made thereto will be discussed as we proceed. This action was not commenced until March 30, 1928—a little over a month after the reorganization of the board of directors above referred to. In the meantime the annual meeting of stockholders was held. Growing out of the proceedings of that annual meeting, another element was injected into the controversy. That element arose as follows: On the 18th of June, 1924, the commissioner of corporations of the state of California authorized the plaintiff to issue 200 shares in addition to those already outstanding. By the terms of that permit the plaintiff was authorized "to sell and issue 200 shares of its capital stock at par for *cash,* lawful money of the United States, for the uses and

purposes recited in its application." Thereafter, on May 15, 1925, the board of directors sold to J. T. Voorheis 97 shares for $2,000 cash and his promissory note in the principal sum of $7,700, payable five years from date, bearing six per cent interest. Said stock was represented by certificate No. 43. On the date the board of directors was reorganized, and immediately after the reorganization had taken place, a resolution was adopted and ordered spread on the minutes, by the terms of which resolution the board attempted to rescind its former resolution authorizing the issuance of certificate No. 43 and returning to J. T. Voorheis the $2,000 which he had paid in. Thereafter he was tendered the $2,000 and demand was made on him to surrender certificate No. 43, but he refused to surrender it and refused to accept the tender. The date of the annual meeting of stockholders, as fixed by the by-laws, would have fallen on February 24, 1928. By consent of all parties interested the meeting was, by unanimous consent, postponed from time to time and was held on March 20, 1928. Each and all of the foregoing facts stand of record or would stand of record on the books and papers of the plaintiff corporation except in so far as any of them have been prevented by reason of the controversy between the stockholders. At the stockholders' meeting when J. T. Voorheis attempted to vote certificate No. 43 for 97 shares the attempt was challenged and the presiding officer ruled that the purported certificate No. 43 was a void transaction and in law constituted no evidence of issued capital stock. Acting upon that ruling certificate No. 43 was not recognized and the said 97 shares were not counted. Omitting said 97 shares, E. J. Thomas, C. C. H. Thomas, W. P. Thomas, J. T. Voorheis, and W. P. Stanton were elected directors. Immediately thereafter the board was again organized as follows: President, E. J. Thomas; vice-president, C. C. H. Thomas; secretary, A. L. Whittle; assistant secretary, W. P. Thomas; treasurer, A. L. Whittle. If the presiding officer had received certificate No. 43 the result of the election would have been that C. C. H. Thomas would have been defeated and A. L. Shannon would have been elected in his place. If such had been the case it will be conceded that the election of each of the corporate officers would have been otherwise. It is alleged by the respondents that in April, 1925, J. T. Voorheis was

induced to resign a lucrative employment and to purchase the stock represented by certificate No. 43 on the terms hereinabove mentioned, and as a part of the arrangement he was to become manager of the plaintiff corporation at $400 per month. On May 15, 1925, that arrangement was slightly changed so that his salary was fixed at $450 per month. The latter arrangement continued down to the twenty-third day of February, 1928, when he was discharged. Respondents allege that on February 24, 1928, J. T. Voorheis ''paid to said corporation, in cash, the full par value of said 97 shares, which payment was thereupon duly and regularly received by said corporation and duly and regularly converted and applied to its own use in the ordinary course of its business, and has been paid out, and the whole thereof, by said corporation upon current obligations of said corporation; that said payment by said respondent Voorheis and said receipt thereof by said corporation as aforesaid, was in strict accordance with the valid, binding and subsisting agreement between said corporation and said J. T. Voorheis whereby said corporation agreed to and did sell to said J. T. Voorheis said 97 shares, and which said agreement was independent of and in addition to the said resolution of May 15, 1925,'' which resolution is attached to the pleading and is the contract of purchase and employment hereinabove referred to.

When the board of directors reorganized February 23, 1928, and appointed A. L. Whittle secretary, that individual, after demand made, became entitled to the possession of the books, records, files, etc., of the plaintiff corporation and continued to be so entitled until a legal demand should be made on him by some other person who had become his legal successor.

There is no claim that there were any changes prior to March 20, 1928. The facts before us do not show that any change occurred then or subsequently.

The petitioners state the foregoing facts and assert that the purported issue of the stock represented by certificate No. 43 was void and that, in legal effect, it was no issue. The respondents' reply is that the contract was illegal and the courts will not lend their aid to either party. That rule is well settled and the exception is equally well settled. In 6 California Jurisprudence, page 155, section

108, the exception is stated first as follows: "While an illegal contract remains executory, relief should be awarded to one who repudiates it because of its illegality; yet where there has been no withdrawal, nor attempt to withdraw from the transaction until after it has become executed, the law accords no *locus poenitentiae*." The text is supported by *Johnston* v. *Russell,* 37 Cal. 670, 676; *Wise* v. *Rose,* 110 Cal. 159, 162 [42 Pac. 569]; *Wasserman* v. *Sloss,* 117 Cal. 425, 428 [59 Am. St. Rep. 209, 38 L. R. A. 176, 49 Pac. 566]; *De Leonis* v. *Walsh,* 140 Cal. 175, 183 [73 Pac. 813]; *Green* v. *Frahm,* 176 Cal. 259, 264 [168 Pac. 114]; *Schmitt* v. *Gibson,* 12 Cal. App. 407, 414 [107 Pac. 571]; *Matthews* v. *Lopus,* 24 Cal. App. 63, 66 [140 Pac. 306]. The law is the same in nearly every other jurisdiction. (10 C. J. 501.) In such a case the plaintiff's cause of action does not rest on an affirmance of the contract but on a disaffirmance thereof. The party who has partly performed by paying a part of the purchase price may recover the payment. (*Spring Co.* v. *Knowlton,* 103 U. S. 49 [36 Pac. 347]; *Schmidt* v. *Stortz,* 208 Mo. App. 439 [236 S. W. 694, 697].) The party that has made a purported sale which is prohibited by the statute may disaffirm the sale and recover the property back if the purported sale remains executory. (*Leadbetter* v. *Hawley,* 59 Or. 422 [117 Pac. 505, 506].) In doing what it did, the board was not making any claim under the contract, but was seeking to wipe out what would otherwise constitute a crime. To complete the transaction the plaintiff was bound to return the moneys which it had received. It offered to do so but the holder would not accept the moneys. ▪ The respondents say the holder was employed and that his discharge was unlawful. If so, the holder has a clear legal remedy. ▪ They say the holder paid the remaining $7,700 on February 24, 1928, "to the corporation." This is his conclusion. They do not allege that he paid the money to any specified agent, nor do they claim he holds a receipt from any specified agent. They allege that the money has been paid out "by the corporation." Same comment. Assuming, without deciding, that on February 23, 1928, or at any time before the annual election that the holder could have paid the $7,700 to the duly appointed officers of the corporation and that in this

manner he could have completely wiped out the purported executory contract, they do not make that showing.

When, on March 20, 1928, the holder of the illegal and void certificate No. 43 attempted to vote it, we think the election officers were clearly within their rights in refusing to recognize it as representing any of the legally issued stock. It was the duty of the holder of that purported certificate, of every other stockholder, and of the election officials, to obey the law. The facts were not in dispute but were all of record on the books, presumably in front of all of the persons participating in the election. Any other action would be nullification. The election was regular in all respects. That being so, it is not disputed but what A. L. Whittle, as the newly appointed secretary, is entitled to the possession of the books, records, files, etc.

From what we have said it will be seen that none of the affirmative matter set up in the return constitutes a defense to the allegation contained in the petition.

The respondents interposed a motion to dismiss. In support of that motion they made four specifications. They called attention to the fact that the purported contract of subscription was void and that the petitioners may not come into court relying thereon. As we have shown above, the petitioners do not rely on the contract, but claim that it has been rescinded. They call attention to the fact that the chairman of the stockholders' meeting refused to allow certificate No. 43 to be voted and they assert he had no such power. We have ruled otherwise and hereinabove we have stated our reasons. They assert that the petitioners have a plain, speedy, and adequate remedy at law and they refer to the provisions of Civil Code, section 315. That section provides a remedy to review the election but does not purport to afford the petitioners the relief which they ask in this action. The point may not be sustained. (*Dufton v. Daniels,* 190 Cal. 577, 581 [213 Pac. 949].) Citing the affirmative allegations which we have discussed above they contend that *mandamus* will not lie where such questions must be determined. The answer is that some of the matters referred to are of such nature that they need not be determined in this action but should be determined, if at all, in an action for unlawful discharge. Again, in this proceeding the petitioners are not seeking to try title to property

or title to office except incidentally. (*Guaranty Loan Co.* v. *Treadwell,* 53 Cal. App. 538 [200 Pac. 653]; *Humboldt Oil Co.* v. *Hoagland,* 70 Cal. App. 454 [233 Pac. 404].)

Let the writ issue as prayed for.

Nourse, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 4, 1928, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 1, 1928, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing herein is denied. In so doing we disapprove the following portion of the opinion of the district court of appeal, reading as follows:

"They say the holder paid the remaining $7,700 on February 24, 1928, 'to the corporation.' This is his conclusion. They do not allege that he paid the money to any specified agent, nor do they claim he holds a receipt from any specified agent. They allege that the money has been paid out 'by the corporation.' Same comment."

All the Justices present concurred.