[Civ. No. 7550. First Appellate District, Division One.—July 17, 1931.]

AMERICAN CONCRETE UNITS COMPANY, INC. (a Corporation), Respondent, v. NATIONAL STONE-TILE CORPORATION (a Corporation), Appellant.

Corbet & Selby for Appellant.

Arthur L. Shannon for Respondent.

TYLER, P. J.—The complaint in this action consists of three counts. The first is based upon a promissory note in the sum of $500; the second and third are based upon an agreed amount of rent due for a certain machine manufactured by plaintiff and delivered to defendant. There is no dispute as to the execution of the note nor is there any question that plaintiff manufactured the machine and delivered it to defendant. The defense advanced was that the officers and agents of defendant corporation who represented it in the transactions were without authority so to do. The trial court found against this contention and rendered judgment in favor of plaintiff. Defendant appeals and it claims that the evidence does not support the findings in favor of plaintiff and judgment should, therefore, be reversed.

There is no merit in the appeal. There is evidence in the record to sustain the finding of the trial court that

the transactions here involved were fully authorized by defendant corporation. Such facts as are necessary for a discussion of the case may be briefly summarized as follows: Prior to February 23, 1928, W. P. Stanton was president and general manager of defendant corporation, and J. T. Voorheis was vice-president, assistant general manager and assistant secretary. On the day last mentioned at a regular meeting of its board of directors defendant corporation removed them from office and new officers were elected in their place and stead. Litigation followed this removal, but it was ultimately held to be effective. (*National Stone Tile Corp.* v. *Voorheis,* 93 Cal. App. 738 [270 Pac. 286].). During the course of the litigation Stanton and Voorheis continued to conduct the business and affairs of the corporation and there is evidence in the record to show that the different factions which were seeking control not only acquiesced and consented to the management of defendant corporation by the former officers, but specially requested that they so act in order that the relationship between the corporation and its customers would not be disturbed. The record further shows that pursuant to this understanding Stanton and Voorheis did, without objection or interference by anyone, continue with the sole management until November, 1928, the time when the litigation was terminated. There is also testimony to show that the sum loaned by plaintiff to defendant for which the promissory note was given was used in the ordinary course of business for current expenses by defendant, and that the machine was licensed to licensees of the company for a consideration, a part of which, amounting to the sum of $1,000, was received and retained for the benefit of defendant company.

Under all these circumstances it cannot be said that the evidence shows lack of actual authority by Stanton and Voorheis to represent defendant corporation after their formal removal. ■ They were *de facto* officers and had full power to bind the corporation for the reason that they were permitted to conduct the affairs of the corporation during the period of litigation over its management. ■ Then again, the corporation had received the benefits of the transactions through the acts of such *de facto* officers and is estopped from denying the authority of the officers. (*Consumers Salt Co.* v. *Riggins,* 208 Cal. 537 [282 Pac.

954]; *Hygienic Health Food Co.* v. *Grant,* 187 Cal. 431 [202 Pac. 653].) A corporation will not be permitted to retain the benefits of a transaction and at the same time question the authority of its representatives. (*Irwin* v. *Colburn,* 56 Cal. App. 41 [204 Pac. 551].) ▇ So long as *de facto* officers hold their position unchallenged their title to office cannot be impeached collaterally, and their acts in so far as third persons are concerned, are valid and binding upon the corporation as though they were officers *de jure.* (6 Cal. Jur. 1049.) Here, as above indicated, the officers whose acts are questioned were not usurpers but, on the contrary, occupied their positions under color of title and exercised the duties thereof with the complete acquiescence if not at the special request of those opposed to them.

▇ Nor is there any merit in the further claim that the evidence shows actual knowledge on the part of plaintiff corporation that Stanton and Voorheis had no authority to act for defendant corporation after February 23, 1928. While there was an attempt on the part of the defendant to show that plaintiff had notice of lack of authority of the deposed officers, there was evidence to show that plaintiff's president who dealt with defendant in the transactions while familiar with the fact that there was internal strife in the defendant corporation over its management was nevertheless of the opinion that Stanton and Voorheis were defendant's authorized officers and representatives.

Under all the facts and circumstances we are of the opinion that the evidence is amply sufficient to sustain the conclusion of the trial court that Stanton and Voorheis had full authority to represent defendant corporation and that it was liable for their acts.

Other points urged by appellant are controlled by what we have said and do not require discussion.

The judgment is affirmed.

Knight, J., and Parker, J., *pro tem.,* concurred.